## HESS v. ROBERTS.

(Supreme Court, Appellate Division, First Department. February 21, 1908.)

1. LANDLORD AND TENANT—"LEASE"—NATURE OF CONTRACT.

A contract whereby it was agreed that plaintiff should have the exclusive privilege of the public stenographer's office in a certain hotel, plaintiff agreeing to pay the rent promptly each month in advance for the exclusive privilege of the public stenographer's office, and to do private correspondence for the hotel management, and to furnish competent stenographers for this service, was not a lease, but a mere agreement to allow plaintiff to carry on business in the hotel.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 50.]

2. CONTRACTS—REVOCATION.

Where a contract giving a stenographer the exclusive privilege of carrying on the business of stenographer in a hotel provided that, if the services rendered were not satisfactorily performed, the agreement could be revoked without appeal by either party, the manager of the hotel had the right to revoke the contract without stating that the services were unsatisfactory.

3. SAME—GROUNDS FOR REVOCATION.

Where an agreement to allow a stenographer to carry on business in a hotel provided that if the services were not satisfactorily performed the agreement could be revoked, without appeal, it was sufficient ground for revocation that the stenographer conducted some business other than that contemplated, and that people were calling on her at the hotel and making demands for money, which interfered with the management of the hotel.

4. INJUNCTION—CONTRACTS—RESTRAINING REVOCATION.

Injunction will not lie to restrain the revocation of a contract whereby plaintiff was given the right to carry on the business of stenographer and typewriter in a hotel, where there is no question as to defendant's responsibility, and the fact that the lucrative season for plaintiff's work began about the time of the revocation is only a reason for increased damages, if there was a breach of the contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 111.]

Appeal from Special Term.

Action by Virginia D. Hess against Levy P. Roberts to restrain defendant from interfering with plaintiff's possession of an office in the hotel of which defendant was manager. From an order granting a motion for a temporary injunction, defendant appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

John Delahunty, for appellant.
Philo P. Safford, for respondent.

INGRAHAM, J. This action is based upon a contract made on the 4th of October, 1905, between "L. P. Roberts, manager of the Murray Hill Hotel, New York, party of the first part, and Virginia D. Hess, manager of the Broadway Stenographic Bureau, New York, party of the second part," by which, in consideration of the payment of $200 by the plaintiff to the defendant in equal monthly payments in advance for the term of one year from the 4th of October, 1905, to the 4th of October, 1906, it was agreed that plaintiff should have

the exclusive privilege of the public stenographer's office situated in the Murray Hill Hotel. The plaintiff agreed to pay the rent promptly each month in advance "for the exclusive privileges of the public stenographer's office, and to do the private correspondence for the hotel management, and to keep the stenographic office open from 8:30 a. m. to 10 p. m., each day, except the lunch hour, and to furnish competent stenographers for this service." It was also agreed that if the service was not satisfactorily performed the agreement would be revocable, and the plaintiff had the same privilege if the office should not be found sufficiently remunerative, or for other cause. The substance of the agreement appears to be that it would last a year, unless either party wanted to end it. The complaint alleges that the plaintiff entered into possession of the public stenographer's office in the Murray Hill Hotel and continued to hold the same until the 9th of January, 1908; that plaintiff had performed the condition to be performed on her part, and had paid the rent, except the rent for the month of January, 1908, which she tendered; that on or about January 8, 1908, the defendant notified the plaintiff that she must immediately leave the hotel and remove her belongings therefrom; that the plaintiff refused to do so, whereupon the defendant extinguished the lights in the room, and removed the plaintiff's property therefrom, and refused to permit the plaintiff to occupy the stenographer's office, or to do any work as a stenographer and typewriter therein. Upon these facts the plaintiff demanded judgment that the defendant be enjoined, pending the action and perpetually, from interfering in any way with the plaintiff's possession of said stenographer's office in the hotel, and from interfering in any way with the plaintiff's continuing to conduct her business there as such public stenographer during the remainder of said term under said lease, to wit, October 4, 1908, and from granting to any other person the privilege of exercising the calling of the public stenographer's and typewriter's office in the Murray Hill Hotel prior to the 4th of October, 1908; and the court below has enjoined the defendant during the pendency of the action from interfering in any way with the plaintiff in the prosecution of her business as a public stenographer and typewriter in the said Murray Hill Hotel or with her exclusive possession of said office, and from leasing or granting privileges to any other stenographer or typewriter of any sort in any way in the prosecution of the business of public stenographer and typewriter in said hotel prior to October 4, 1908. As it is clear that the action could not be determined before the termination of the rights given by the contract, the temporary injunction grants to the plaintiff all the relief which she would get by final judgment and in effect determines the action.

This instrument is called a "lease," although it is nothing of the kind. It is a mere agreement to allow a stenographer and typewriter to carry on business in a hotel. The plaintiff is given the right to carry on the business of stenographer and typewriter in the hotel, and for that purpose is to have the exclusive privilege of the public stenographer's office. But it was expressly agreed that if the services rendered by the plaintiff were not satisfactorily performed the agreement could be revoked, "without appeal by the first party"; and the plain-

tiff had a like privilege for any cause. Under such a contract it is quite clear that neither party could insist upon maintaining the agreement against the opposition of the other. It is quite immaterial that the defendant did not state that the service was unsatisfactory when he revoked the agreement. His revoking it was sufficient evidence of his determination that the service was not satisfactory. The defendant's affidavit, stating as a reason for revoking the agreement that the plaintiff was conducting some business other than that of stenography and typewriting, and that people were calling on her at the hotel and making demands for money which interfered with the management of the hotel, justified him in determining the service was not satisfactory.

But, assuming that the defendant had no right to revoke the agreement and prevent plaintiff from continuing this business at the hotel, she had a complete remedy at law, and an appeal to a court of equity was unnecessary and unjustifiable. There is no question as to the defendant's responsibility, and the fact that the lucrative season for the plaintiff's work extends from January to June should only be a reason for increased damages, if there was a breach of the contract. The cases which have restrained a landlord from interfering with a tenant's possession of real property have no application; for here there was no property leased to the plaintiff, but an agreement to allow her to carry on the business of stenography and typewriting in the hotel.

The order should therefore be reversed, with $10 costs and disbursements, and the motion to continue the injunction denied, with $10 costs. All concur.