LYNCH v. ROBERT P. MURPHY HOTEL CO. et al.

(Supreme Court, Appellate Division, First Department. March 5, 1909.)

1. CONTRACTS (§ 202*)—NATURE OF CONTRACT—SUBJECT-MATTER.
    A contract, whereby a hotel company agrees to lease to another for a specified term the privilege of carriage service for the hotel, and whereby the latter agrees to furnish carriages and pay a specified sum monthly, is not a lease, but a license or privilege.
    [Ed. Note.—For other cases, see Contracts, Dec. Dig. § 202.*]

2. INJUNCTION (§ 59*)—BREACH OF CONTRACT—ADEQUACY OF LEGAL REMEDY.
    Injunction will not lie to restrain the revocation by a hotel company of its contract, whereby it gave to another for a specified term the privilege of carriage service for the hotel, since, in the absence of proof of irreparable damage, the remedy at law affords full relief.
    [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 114; Dec. Dig. § 59.*]

Appeal from Special Term, New York County.

Action by Bernard Lynch against the Robert P. Murphy Hotel Company and others. From an order of the Special Term (112 N. Y. Supp. 915) granting an injunction pendente lite, defendant the New York Taxicab Company appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Colby & Goldbeck (William F. Goldbeck, of counsel), for appellant.
James Kearney, for respondent.

CLARKE, J. Appeal from an order granting an injunction pendente lite, providing that the defendant hotel company and the New York Taxicab Company be enjoined from directly or indirectly exercising the privilege of supplying carriage, taxicab, and motor cab service at the Hotel Albany, and from using the telephone and telephone booth installed by the taxicab company in said Hotel Albany in soliciting orders for supplying carriage or taxicabs or motor cabs, and from directly or indirectly interfering with the plaintiff and the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Union Taxicab Auto Service Company in the exercise and enjoyment of said carriage, taxicab, and motor cab service privilege at said hotel.

On the 10th of March, 1908, the hotel company entered into the following contract with Pimot and Lynch:

"The party of the first part hereby agrees to lease of privilege of carriage services and taximeter cab services, for the sum of $1,500 per year or $125 per month, to the parties of the second part, for a term of not less than two years, and the party of the first part is to have the privilege for stand for touring cars for race track, etc. The parties of the second part hereby agree to furnish the carriages, cabs and horses for the Hotel Albany * * * and pay therefor the sum of $125 per month."

On the 23d of May, 1908, Lynch & Pimot entered into an agreement with the Union Taxicab Service Company as follows:

"The party of the first part hereby agrees to sublease the privilege of carriage and auto taxicabs services for 10 per cent. commission of all calls obtained at the Albany Hotel stand for the term of one year from date. The party of the second part hereby agrees to furnish the taximeter cabs for the Hotel Albany, and also agrees to permit the party of the first part to examine the drivers' sheets on demand."

Subsequently Pimot, purporting to act for his partnership, for $400 signed a release of said contract with the hotel company. The hotel company notified the license bureau that it had revoked its consent to the stand in front of the hotel and made an arrangement with the New York Taxicab Company. This action is brought in equity for an injunction against interference with the rights alleged to be existing under said two papers, and the learned court has granted the injunction upon the ground that said papers constitute a lease, and in accordance with the line of authorities which permit injunctive action in support of a lease.

The agreement between Lynch & Pimot and the hotel company is not a lease. As a license or privilege it is not exclusive. It is not shown that irreparable damage will ensue upon a breach thereof. If the contract has been breached, a legal remedy is afforded. It is difficult to conceive of a lease by a private individual of a portion of a public street. In Hess v. Roberts, 124 App. Div. 328, 108 N. Y. Supp. 894, the paper in consideration provided that plaintiff should have the exclusive privilege of the public stenographer's office situated in the Murray Hill Hotel. We said:

"This instrument is called a lease, although it is nothing of the kind. It is a mere agreement to allow a stenographer and typewriter to carry on business in the hotel."

Further:

"But assuming that the defendant had no right to revoke the agreement and prevent plaintiff from continuing this business at the hotel, she had a complete remedy at law, and an appeal to a court of equity was unnecessary and unjustifiable. * * * The cases which have restrained a landlord from interfering with a tenant's possession of real property has no application, for here there was no property leased to the plaintiff, but an agreement to allow her to carry on the business of stenography and typewriting in the hotel."

That was a stronger case for plaintiff than the one at bar, but this court vacated the injunction. I find no warrant for the order appealed from, and especially so far as affects the appellant, the New York

Taxicab Company, which was not a party to any of the agreements sued on.

The order appealed from should be reversed, and the injunction vacated, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.