**340**

PLANETARY RECREATIONS, INC., Plaintiff, *v.* KERNS, INC., et al., Defendants.

City Court of the City of New York, Trial Term, New York County, January 12, 1945.

*Deane Ramey* for plaintiff.

*Felix N. Rosenstock* for Robert M. Kern et al., defendants.

KELLER, J. This is an action in conversion based on an alleged violation of section 233 of the Real Property Law (L. 1935, ch. 581) as in effect during the period between July 24, 1941, and April 16, 1942, when the events involved in this lawsuit transpired.

The facts are these: the defendant corporation planned to open and operate a restaurant and bar at 711 Seventh Avenue, in the city of New York. In connection therewith, it entered into an agreement with the plaintiff corporation, whereby the latter was to be given certain concession privileges, permitting plaintiff's employees to visit the tables of the restaurant for the purpose of selling cigars and cigarettes; to take and sell photographs to be developed on the premises; to maintain service in the washrooms, and in a coat room, space for which was to be provided by the defendant. These privileges were to be effective for one year from the date of opening, which date had not been determined when the contract was executed. As consideration therefor the plaintiff agreed to pay the sum of $6,000 as follows: $1,500 on execution of the contract, which occurred in July, 1941; and $1,500 on the opening of the business, which occurred on December 11, 1941. The balance was to be paid in two further installments of $1,500 each, due respectively in five and seven months from the opening date.

On the trial the cause was discontinued as to all defendants served, excepting Robert M. Kern, the president of the corporate defendant. It is he whom plaintiff seeks to hold individually under section 233 of the Real Property Law. The fact that plaintiff did not file any claim as a creditor in the bankruptcy proceedings of the defendant corporation is not germane to the issue here. That issue is, whether or not a conversion was committed by the defendant Robert M. Kern, as a trustee, under the aforesaid section of the statute, when two installments of $1,500 each, paid in advance by the plaintiff, were commingled with the corporate funds of the defendant corporation and used for general expenses.

At the time the agreement herein was made, and while it was in effect, section 233 of the Real Property Law read as follows: "Whenever money shall be deposited or advanced on a contract for the use or rental of real property as security for performance of the contract or to be applied to payments upon such contract when due, such money, with interest accruing thereon, if any, until repaid or so applied, shall continue to be the money of the person making such deposit or advance and shall be a trust fund in the possession of the person with whom such deposit or advance shall be made and shall not be mingled with other

funds or become an asset of such trustee. * * * " (L. 1935, ch. 581. This section was amd. by L. 1942, ch. 628, and L. 1943, ch. 584, not then in effect.)

No testimony was offered by either party, so that in making an adjudication here, the only evidence to guide the court is the agreement, the bill of particulars and an examination before trial.

And, with the exception of a *Per Curiam* restatement of the law in *2710 8th Ave., Inc.,* v. *Forman Pharmacy, Inc.* (180 Misc. 376), there would also seem to be a lack of authority in point, interpretative of the words "money * * * deposited or advanced on a contract for the use or rental of real property as security for performance of the contract or to be applied to payments upon such contract when due * * *."

Although the question is not raised by the defendant, I have grave doubts that this agreement is a "contract for the use or rental of real property" within the scope of section 233 of the Real Property Law.

While the instrument is termed an agreement, it is alleged to be a lease, and the terms "lease of concession," "landlord", and "tenant" are used. These words, however, although highly indicative of intent, are not conclusive in establishing a landlord and tenant relationship. The court must also inquire into the nature of the privileges granted in the instrument in order to determine its true character, regardless of the terms the parties have applied to it. With exception of vague provisions to supply unspecified space for a coat room and a dark room, the agreement does not purport to yield up exclusive possession of any particular part of the premises against everyone, including the owner, and does not otherwise create an interest or estate in the property. It is more of an incident which attaches to the nature of the business venture with which it is combined, rather than to the premises. It is more in the nature of a license than a lease. Under this agreement, there was no demise of specific property; instead, facilities for checking of clothing and other like purposes were supplied. Besides, this convenience was to be furnished by the defendant and at his expense. Plaintiff was not in any way obligated to make any structural or other improvements, either of a permanent or temporary nature, which would point to an interest attached to the property.

The plaintiff's type of enterprise is of comparatively recent origin. It has grown rapidly in certain parts of the city of New York, where to what was known as the "bar and grill"

has been added other features, besides food and drink, to attract patrons. The more pretentious of these establishments are generally known as " night clubs ". Certain licenses or privileges are given, by way of concession, to corporations or individuals who are specialists in securing numerous or profitable gratuities through the cigarette girl, the hat check girl, the whisk broom boy and other servitors. These are generally regarded by the patron as individuals whose take is their own; whereas, like the cormorant trained by the wily Chinese fisherman, with a ring around its neck to prevent the bird from swallowing the catch, they must disgorge their intake to the concessionaire.

Such a concessionaire, who advances a large sum of money to the prospective proprietor of a " night club " business, under the circumstances prevailing here, is more in the nature of a coadventurer, who knows that the money he advances in his own interest is required and will be used in launching the adventure. It would be stretching legislative intent beyond belief to hold that such a concessionaire, under circumstances such as these, should be considered a tenant within the meaning of section 233 of the Real Property Law. I am sure that what the Legislature largely intended when it enacted this section was the protection of down payments and deposits given as security for the conventional type of lease for the letting of real property.

Furthermore, I find, as a matter of fact, that although the sum of $3,000 was paid in advance, in two separate installments of $1,500, it was paid, pursuant to the terms of the agreement, as money due and payable in advance. It was not, as specified in the statute, " to be applied to payments upon such contract when due ". The total sum of $3,000 paid by the plaintiff was specifically due and owing to defendant before the project started. After it commenced business on December 11, 1941, the plaintiff had paid for its privileges up to and including May 10, 1942. When it closed on April 16, 1942, it was not entitled to a refund of the proportionate share of the money, between the closing date and the date of the next installment, as against the individual Kern as a trustee.

The plaintiff also urges the case of *Met. Concessionaires, Inc.*, v. *Mike's Restaurant, Inc.*, decided in this court (N. Y. L. J., Jan. 30, 1943, p. 414, col. 7), as a precedent. Although similar in its facts, an examination of the file discloses that a clause in the contract in that case expressly provided for a refund or remittance, to the plaintiff, of any unused portion of each payment which had been made in advance, in the event certain

specific contingencies terminated the business; and the additional fact that the defendant was the sole interested party who benefited directly from the fund. We have no such intention, expressed or implied in this agreement; and no evidence of control of or profit from the corporation by the individual defendant.

In view of the foregoing facts, and for the other reasons above stated, I find that the money paid by plaintiff to defendant in this case did not constitute trust moneys within the provisions of section 233 of the Real Property Law. Judgment is therefore awarded to the defendant dismissing the complaint on the merits.