THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* HENRY HOROWITZ and TRANSBROOK THEATRES, INC., Respondents.

Argued November 17, 1955; decided January 12, 1956.

*Edward S. Silver, District Attorney (David Diamond* of counsel), for appellant. I. The courts below erred in holding that this contract is a license and not a lease. (*Brookhaven Rialto Theatre Corp.* v. *Feiger,* 268 App. Div. 1042; *Mehlman* v. *Atlantic Amusement Co.,* 65 Misc. 25; *Meers* v. *Munsch-Protz-*

*mann Co.*, 217 App. Div. 541.) II. Defendants' acts constituted larceny regardless of whether this contract was a lease or license. (*Mallory Associates* v. *Barving Realty Co.*, 300 N. Y. 297.) III. The mingling of the security funds with defendants' own money, as well as its diversion from the agreed specific purpose, constituted larceny as charged. (*People ex rel. Belleci* v. *Klinger*, 164 Misc. 530; *People* v. *Klinger*, 165 Misc. 634; *2710 8th Ave.* v. *Forman Pharmacy*, 180 Misc. 376.)

*Harold Dublirer* for respondents. I. The "advance commissions" created a debtor-creditor relation. The agreement involved here does not come within section 233 of the Real Property Law. No crime was committed. (*People* v. *Northwest Fifth Ave. & 27th St. Corp.*, 145 Misc. 778, 239 App. Div. 773; *Mallory Associates* v. *Barving Realty Co.*, 300 N. Y. 297.) II. Section 233 of the Real Property Law is applicable only to leases not to licenses. (*Planetary Recreations* v. *Kerns*, 184 Misc. 340; *Halpern* v. *Silver*, 187 Misc. 1023; *Wash-O-Matic Laundry Co.* v. *621 Lefferts Ave. Corp.*, 191 Misc. 884; *Muller* v. *Concourse Investors*, 201 Misc. 340; *Greenbro Coin Meter Corp.* v. *Basch*, 205 Misc. 853; *Reynolds* v. *Van Beuren*, 155 N. Y. 120; *Stockham* v. *Borough Bill Posting Co.*, 144 App. Div. 642; *Reeve* v. *Duryee*, 144 App. Div. 647; *United Merchants' Realty & Improvement Co.* v. *New York Hippodrome*, 133 App. Div. 582, 201 N. Y. 601.) III. A concessionaire does not have the "use" of "real property". (*Layton* v. *Namm & Sons*, 275 App. Div. 246, 302 N. Y. 720; *Kaypar Corp.* v. *Fosterport Realty Corp.*, 1 Misc 2d 469, 272 App. Div. 878, 298 N. Y. 1036; *Isaacson* v. *Ken Drug Corp.*, 195 Misc. 246; *Schusterman* v. *C & F Caterers*, 192 Misc. 564.) IV. The agreement involved here is a license not a lease.

VAN VOORHIS, J. Defendants were indicted for grand larceny, first degree, for misappropriating funds deposited by a concessionaire "as advance rental and security for the full and faithful performance" of a five-year agreement whereby the concessionaire contracted to install and maintain stands and vending machinery in two moving picture theatres for the sale of cigarettes, nonalcoholic beverages, ice cream and other confections. These theatres were operated by defendant Transbrook Theatres, Inc., of which defendant Horowitz was

president. Both theatres closed their doors at the end of August, 1953, when the agreement was only three months old. These defendants failed to repay to the concessionaire a balance of $5,206.01 due on account of this deposit.

Prior to the adoption of section 233 of the Real Property Law (L. 1935, ch. 581), if a landlord spent money deposited by a tenant as security for the performance of covenants under a lease, the relationship was held to be simply that of debtor and creditor, and the ill-starred tenant could only insist upon a personal obligation of the landlord which usually proved to be of little value if the landlord became insolvent (*Mallory Associates* v. *Barving Realty Co.*, 300 N. Y. 297, 299–300; *Mendelson-Silverman* v. *Malco Trading Corp.*, 262 N. Y. 621; *Malco Trading Corp.* v. *Mendelson-Silverman*, 240 App. Div. 322, affd. 264 N. Y. 651; *Rambach* v. *Heights Theatres*, 239 App. Div. 203; *Jahmes Co.* v. *Propper*, 238 App. Div. 326; *Levinson* v. *Shapiro*, 238 App. Div. 158). This section of the Real Property Law, unless otherwise provided in the lease, causes such a deposit to become a trust fund, remaining the property of the tenant although in the custody of the landlord, until applied against defaulted covenants in the lease, which has the double consequence of enabling the tenant to repossess himself of the deposit in spite of the insolvency of the landlord, if the moneys are on hand, and, likewise, of rendering the landlord subject to criminal prosecution if meanwhile he has appropriated the fund to his own use.

There may be no essential reason on account of which the Legislature might not similarly have protected a deposit of security by a licensee. Section 233 of the Real Property Law, however, creates this fiduciary status only in the case of contracts " for the use or rental of real property ". That expression is well understood, and imports the ordinary landlord and tenant relationship involving transfer of possession of designated space in real estate. In the present instance, exclusive possession of no defined portions of these theatres is demised to the concessionaire, nor does the contract so much as specify where these stands and automatic dispensers are to be located in the theatres, and the concessionaire is allowed to hawk and peddle its wares anywhere in these motion picture houses. As in the case of washing machines in an apartment house, the

concessionaire " has no ownership of the space allotted to its equipment in the sense that usually obtains in the relationship of landlord and tenant." (*Kaypar Corp.* v. *Fosterport Realty Corp.*, 1 Misc 2d 469, 471, affd. without opinion 272 App. Div. 878, motion for leave to appeal denied 297 N. Y. 1036.) It was said in *Reynolds* v. *Van Beuren* (155 N. Y. 120, 123) : " While this paper is called a lease it is manifestly nothing more than a mere license by the tenant in possession to the defendants to go upon the roof of the building and place advertisements upon the sign." The same principle applies to this vending concession in these theatres.

This kind of concession, regardless of whether the contract describes the parties as landlord and tenant, does not create that relationship in law in the absence of a demise of space in a building. It has been held not to be a license of a " rentable area " within the scope of the emergency rent laws (*Layton* v. *Namm & Sons,* 275 App. Div. 246, affd. without opinion 302 N. Y. 720).

It has been held frequently at Special Term that concessions such as this do not partake of the nature of the conventional type of lease (*Planetary Recreations* v. *Kerns,* 184 Misc. 340; *Halpern* v. *Silver,* 187 Misc. 1023; *Wash-O-Matic Laundry Co.* v. *621 Lefferts Ave. Corp.,* 191 Misc. 884; *Muller* v. *Concourse Investors,* 201 Misc. 340; *Greenbro Coin Meter Corp.* v. *Basch,* 205 Misc. 853).

The order appealed from should be affirmed.

Conway, Ch. J., Desmond, Fuld, Froessel and Burke, JJ., concur; Dye, J., taking no part.

Order affirmed.