Burke, J.
The principal issue in this case involves the construction and effect of agreements between plaintiff-appellant, Proser Enterprises, Inc., and Shelton Properties, Inc.
In 1955 Shelton Properties, Inc., was the major lessee of the Hotel Shelton in Manhattan for a term to expire May 31, 1972. In January, 1955 it leased to Proser Enterprises, Inc., certain space to be used by Proser as a night club to be known as the La Vie Room. On February 14, 1955 Proser Enterprises, Inc., entered into an agreement giving plaintiff the exclusive right to operate concessionaire privileges in the night club, as follows: checkroom, toilet facilities, sale of cigars, cigarettes, flowers, novelties, photography of customers, soliciting of car parking and doorman services. The agreement provided that plaintiff was to lend Proser Enterprises $25,000 to be repaid by Proser from the rent paid by plaintiff to Proser for the concession privileges. The rental was to be 50% of the net profits that plaintiff earned from its concession. Proser assigned to plaintiff ‘ ‘ all of the accounts charged at La Vie through the Diners ’ Club, New York City” and all of the accounts “ not charged through the Diners’ Club * * * arising out of the sale of *324 food, refreshments or merchandise which may be created while all or any part of the aforesaid loans remain unpaid ” as collateral security for the loan. The leases of Shelton Properties, Inc., and Proser Enterprises, Inc., and the agreement with plaintiff were all to expire May 31,1972. On February 18, 1955 Shelton Properties, Inc., signed an agreement providing that in the event that possession of the premises known as the La Vie Room should revert to it and said room should be leased or operated by Shelton Properties, Inc., as a night club or restaurant, plaintiff would have the same concession rights it had with Proser until the $25,000 loan was repaid in accordance with the agreement between plaintiff and Proser.
In January, 1956 Proser’s lease was cancelled and terminated for nonpayment of rent and possession of the night club premises reverted to Shelton Properties, Inc. The plaintiff, following the reversion to Shelton Properties, Inc., made several demands upon Shelton Properties, Inc., to exercise its concession rights because of Shelton Properties’ use of the premises for dancing and public functions, and wrote letters in December, 1956 and February, 1957; but Shelton Properties, Inc., refused to permit plaintiff to exercise any of its claimed concession rights.
On April 14,1957 Shelton Properties, Inc., entered into a contract to sell its major lease for the unexpired term to Shelton Towers Corporation. Paragraph 29 of Schedule I of the contract adverted to plaintiff’s claims by reason of the agreement of February 18, 1955 between plaintiff and Shelton Properties, Inc. Shelton Properties, Inc., agreed in that paragraph to indemnify the purchaser or its assigns against any liability to the plaintiff. The paragraph further provided that nothing contained therein should be deemed to be an intention to admit liability to the plaintiff or an assumption of the plaintiff’s agreement by the purchaser. The ownership of the major lease and the operation of the hotel were transferred through numerous assignments up to the time of the bringing of this action.
Shelton Properties, Inc., had offered, prior to assignment of its lease, to negotiate a new arrangement with plaintiff by letter dated September 12, 1956 but there is no indication that plaintiff was interested. During the period when the premises were used by Shelton Properties, Inc., plaintiff did not institute any *325 action to enforce its rights under the agreement with Shelton Properties. It was not until the prime lease was sold and these same premises were leased by the new lessors to be used as an extremely profitable night club, Basin Street East, that plaintiff brought suit.
After answering, the respondents moved for summary judgment on the second, third and fourth causes of action. Plaintiff indicated in its opposing papers that it would discontinue the fourth cause of action. Summary judgment was denied at Special Term on the ground that there were triable issues of fact. On appeal the Appellate Division granted summary judgment as to the respondents.
Plaintiff contends that the agreement was not merely a license, but that it was also a lease and easement which ran with the land and was binding upon the assignees of Shelton Properties, Inc., since these assignees had notice of the agreements. It further contends that the respondents and Shelton Properties, Inc., had conspired to destroy the plaintiff’s rights under the agreements, and that the attorneys were liable because “ The overt act or acts of these attorneys in such conspiracy, is the legal advice given by the lawyers to their clients, which was known, or should have been known to such lawyers to be wrong, false, and incorrect ’ ’.
It is clear that the agreement between appellant and Proser Enterprises, Inc., was a license for a concession and not a lease or easement. (See Layton v. Namm & Sons, 275 App. Div. 246, affd. 302 N. Y. 720.) Although it was a grant of an exclusive right to operate various concessions within the proposed establishment, such exclusive right is not a lease. (Hess v. Roberts, 124 App. Div. 328.) Not being a lessee, appellant was a licensee or concessionaire without interest in the realty. (People v. Horowitz, 309 N. Y. 426.) The fact that it loaned Proser Enterprises, Inc., $25,000, which was to be repaid in the form of credit for “ rent ” payments, and the fact that the “ rent ” was to be an equal share of the net proceeds of the concessions indicate that Senrow Concessions, Inc., was a coadventurer with Proser Enterprises, Inc., in the success or failure of the La Vie Boom. Although it is true that Shelton Properties, Inc., in its agreement with appellant guaranteed the continuance of appellant’s rights under its agreement with Proser as long as Shelton *326 Properties, Inc., had possession of the premises and leased or operated it as a night club, this subsequent agreement does not enlarge the legal rights of appellant under the agreement with Proser. It bound only Shelton Properties, Inc., which is not a party to this appeal. Having a mere license or concession under the Proser agreement, Senrow Concessions, Inc., has no more than a license or concession as a result of its agreement with Shelton Properties, Inc. ‘ ‘ A license is not an interest or estate in the land corporeal or incorporeal.” (Walsh, Law of Property [2d ed., 1935], p. 699.) Not being such an interest or estate, it does not bind the successors in interest of the prime tenant who were not parties to the agreement. The fact that these successors had actual knowledge of the agreement is not material, since the agreement did not attach itself to the lease by operation of law and the assignees specifically disavowed any liability under the agreement.
Conceding arguendo appellant’s contention that it has stated a cause of action for prima facie tort for inducing a breach of contract, its affidavit does not state any facts supporting this contention; it only contains conclusions. There is, what is most important, no showing of any fraudulent connection between these parties prior to the breach of the contract by Shelton Properties, Inc., in 1956. Obviously the respondents, in the absence of such facts, cannot be held to be co-conspirators in a breach of contract which had occurred prior to the time they began negotiations to acquire the prime lease.
Although the process of summary judgment may seem to some to be a harsh remedy, the effective administration of justice requires its timely dispensing. A trial may be desirable in every case, but the practicalities of frivolous litigation and court congestion mandate a summary procedure upon the ascertaining that there is no cause of action. ‘ ‘ The fear of depriving a party of his day in court because he says, in his affidavit, things that, if true, would present a question of fact, should not permit him to evade the actualities by merely making these statements.” (Paston, Summary Judgment in New York [1960 Cum. Supp.], p. xviii.)
Accordingly, the judgments of the Appellate Division should be affirmed, with costs.