■ PASCAL M. LORDI, Respondent, v. COUNTY OF NASSAU, Appellant.— In an action for a declaratory judgment, the defendant appeals from a judgment of the Supreme Court, Nassau County, entered June 26, 1963, after a nonjury trial, which: (1) adjudged that the plaintiff continued as a month to month holdover tenant after the written agreement between him and the defendant terminated on December 31, 1960; (2) adjudged that the plaintiff is entitled to at least 30 days' notice of the defendant's intention to terminate the tenancy; (3) adjudged that only the Board of Supervisors may, by ordinance, exercise the right to terminate the plaintiff's month to month tenancy; and (4) restrained the defendant from taking any action to remove the plaintiff from the premises now occupied by him unless authorized by an ordinance of the Board of Supervisors and on 30 days' notice to the plaintiff of the intention to terminate. Judgment reversed, on the law and the facts, without costs, and the complaint dismissed. The findings of fact contained in the opinion-decisions of the court insofar as they may be inconsistent herewith, are reversed; and new findings are

made as indicated herein. The plaintiff and the defendant entered into a written agreement, whereby the plaintiff, in consideration of the payment of 6% of the gross receipts from his operations under the agreement, was granted for a period of 10 months the exclusive concession to conduct a store for the sale of golf equipment and sports goods, to give golf lessons, to rent storage space for golf equipment, and to operate an indoor driving range at the Salisbury County Park, a public park owned and maintained by the defendant. The agreement was executed on behalf of the defendant by the then County Executive, upon approval by the Commissioner of Public Works. In signing the agreement, the County Executive acted pursuant to the general authority granted to him by an ordinance of the Board of Supervisors to "execute for and on behalf of the County of Nassau, any and all contracts, leases or rental agreements or other instruments necessary to carry into effect recommendations made by the Department of Public Works for the rental, leasing or contracting of the operational, recreational or amusement facilities or concessions of the park, provided, however, that the terms of such contracts, rentals, leases or concessions shall in no event exceed one year" (Nassau County Ordinance No. 76-1944). Plaintiff began his operations under the agreement in 1960. Without any express renewal, plaintiff continued his operations throughout 1961 and 1962. On March 18, 1963, the Commissioner of Public Works sent a letter to the plaintiff, notifying him that his operations were terminated as of March 31, 1963, and this action followed. In our opinion, the agreement between the plaintiff and the defendant is not a lease, but a license. Though the labels attached to an agreement do not preclude the construction by the court of the effect of its provisions (*Williams v. Hylan*, 223 App. Div. 48, affd. *sub nom. Williams v. City of New York*, 248 N. Y. 616; *Meers v. Munsch-Protzmann Co.*, 217 App. Div. 541), the descriptions of the plaintiff as a licensee and the stated purpose of the agreement, namely, to obtain a license for the use of a portion of the park for a concession, are necessarily factors for consideration to determine the intent of the parties. Moreover: (1) the agreement states that "no building space or equipment is leased;" (2) though the plaintiff is given "unrestricted use of the licensed premises", exclusive possession of the premises is not yielded to the plaintiff; (3) the defendant under the agreement is clothed with supervisory power over the operations of the plaintiff; and (4) the agreement permits the defendant to alter materially the park facilities in which plaintiff's operations are conducted. These provisions are compatible only with an intent to yield a personal privilege to the plaintiff rather than an interest in land (cf. *Reynolds v. Van Beuren*, 155 N. Y. 120; *United Merchants Realty & Improvement Co. v. New York Hippodrome*, 133 App. Div. 582, affd. 201 N. Y. 601). Generally, contracts permitting a party to render services within an enterprise conducted on premises owned or operated by another, who has supervisory power over the method of rendition of the services, are construed to be licenses (e.g., *People v. Horowitz*, 309 N. Y. 426; *Layton v. Namm & Sons*, 275 App. Div. 246, affd. 302 N. Y. 720; *Hess v. Roberts*, 124 App. Div. 328; *Lynch v. Murphy Hotel Co.*, 130 App. Div. 691; *Kaypar Corp. v. Fosterport Realty Corp.*, 1 Misc 2d 469, affd. 272 App. Div. 878; *Schusterman v. C & F Caterers*, 192 Misc. 564; *Planetary Recreations v. Kerns, Inc.*, 184 Misc. 340). As a licensee, the plaintiff has no rights as a holdover tenant, and the license might be revoked at will (*United Merchants Realty & Improvement Co. v. New York Hippodrome*, *supra*, 133 App. Div. 582, affd. 201 N. Y. 601; 1 Rasch, New York Landlord and Tenant, § 246, p. 234; 246A, p. 74, supp.). The Board of Supervisors was authorized by law to delegate to the County Executive the power to make the agreement under the provisions of section 204 of the County Government Law (L. 1936, ch. 879, as amd.), and that power implicitly included the right to

terminate the plaintiff's license. The delegation of power is not prevented by section 2103 of the County Government Law, referring to the regulation by ordinance of the use of parks; nor is it prevented by subdivision (1) of section 105 of the County Government Law, referring to the alienation of county property by ordinance. The license was not a regulation of the park, nor was it an alienation. The Board of Supervisors could have acted by resolution to grant the license (cf. *Hayes* v. *City of Yonkers,* 7 A D 2d 860; *Matter of Collins* v. *City of Schenectady,* 256 App. Div. 389, 392), and consequently the board was authorized under the statute to delegate its power to the County Executive. In addition, we are of the opinion that the plaintiff is estopped from claiming that the County Executive was not empowered to make the agreement or terminate it (cf. *City of New York* v. *Delli Paoli,* 202 N. Y. 18, 23–24; *Mayor* v. *Sonneborn,* 113 N. Y. 423; *Belmont Homes* v. *Kreutzer,* 6 A D 2d 697, affd. 6 N Y 2d 800; anno., 122 A. L. R. 1370; *Wackenhut* v. *Empire Gas & Elec. Co.,* 166 N. Y. S. 29; *Farnsworth* v. *Boro Oil & Gas Co.,* 216 N. Y. 40, 46). Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Hopkins, JJ., concur.