OPINION OF THE COURT
Gerard E. Delaney, J.
This is a motion for partial summary judgment by plaintiff *1024 assignee of a tenant to recover a security deposit from defendant assignee of a corporate landlord.
It is the decision of this court, inter alia, that the failure of the defendant assignee of a landlord interest in a lease of real property to notify the tenant or the tenant’s assignee of such assignment under subdivision 1 of section 7-105 of the General Obligations Law will operate as a tolling of the Statute of Limitations under CPLR 206 (subd [a]) until such time as actual notice is given.
On June 28, 1957 NYSCO Realty Corp. (NYSCO) leased commercial property located in The Bronx to Astubeco Incorporated as a tenant. By May 20, 1970, Astubeco had, in a series of payments over the years, deposited $5,100 as a security deposit under the lease. NYSCO assigned the lease to its corporate president, the defendant, William Kramer on August 28, 1972 and did not notify the tenant of such assignment.
On October 27, 1972, NYSCO Realty Corp. was voluntarily dissolved by defendant. Astubeco quit the premises on December 2, 1972 and later assigned its interest under the lease to plaintiff Edward J. Mogol, who commenced litigation in this court on March 8, 1974 against NYSCO to recover the security deposit. Defendant Kramer defended the suit as NYSCO and counterclaimed in the name of NYSCO for damages to the premises. By decision of this court (Martin, J.), dated June 30, 1977, Mr. Mogol received judgment in the amount of $4,314.60 (representing $3,600 of the original security deposit, plus interest, costs and disbursements) against NYSCO Realty Corporation, which, of course, no longer actually existed. It was only after filing a judgment information subpoena on Feburary 11, 1978 that plaintiff discovered NYSCO no longer existed. Plaintiff instituted the current suit on December 28, 1978.
Under section 7-103 of the General Obligations Law (cf. former Real Property Law, § 2 [L 1896, ch 547]; § 233 [L 1935, ch 581]), security deposits for the rental of real property "shall continue to be the money of the person making such deposit or advance and shall be held in trust by the person with whom such deposit or advance shall be made and shall not * * * become an asset of the person receiving the same”. (Emphasis added.)
If, as is apparent here, defendant’s assignor, NYSCO Realty *1025 Corp., assigned its lease under which it held plaintiff’s assignor’s security deposit, to defendant assignee, William Kramer, individually, the present and controlling stockholder of NYSCO Realty Corp., then NYSCO was required (General Obligations Law, § 7-105, subd 1) to turn over the security deposit deposited by Astubeco to its assignee (Kramer) and to notify the tenant, Astubeco, "by registered or certified mail of such turning over and. the name and address of [the] * * * assignee” (i.e., Kramer — the defendant).
When this is done, "the transferee (i.e. Kramer) of such security deposit is * * * made responsible for the return thereof to the tenant” (General Obligations Law, § 7-105, subd 2). Failure to comply with such section is an unclassified misdemeanor.
Defendant assignee, Kramer, does not deny NYSCO assigned the lease to him on August 28, 1972; does not claim that NYSCO notified Astubeco of the assignment; however, defendant now claims that even though plaintiff’s assignee, Edward Mogol, got judgment over NYSCO in this court on June 30, 1977 in the amount of $4,314.60, plus costs, representing the bulk of the security deposit, plaintiff cannot recover because: 1. the June 30, 1977 judgment of this court did not include defendant as an individual party, and; 2. more than six years have elapsed since what defendant claims was the accrual of the action, i.e., December 2, 1972, and the plaintiff’s service of summons in the action, i.e., December 28, 1978.
Under CPLR 203, "[t]he time within which an action must be commenced, except as otherwise expressly prescribed, shall be computed from the time the cause of action accrued to the time the claim is interposed.”
The lease itself was terminated by Astubeco on December 2, 1972 when they quit the premises, at which time the cause of action "accrued” against NYSCO Realty Corp., which, as shown above, had ceased to exist as a de jure New York corporation. The cause of action by operation of subdivision 1 of section 7-105 of the General Obligations Law would then lie against defendant assignee Kramer, who held such deposit in trust. However, Kramer never notified the tenant of the assignment, it cannot be said in the facts of this case where we deal with a close corporation, that the defendant is not responsible for the return of the security deposit under subdivision 2 of section 7-105 of the General Obligations Law, when *1026 his corporate self failed to give legal notification of the assignment.
It is of import to note that in the previous action in this court in 1974 (sub nom. Mogol v NYSCO Realty Corp., Index No. 6141/74, final judgment above-dated Jan. 30, 1977) at no time did defendant Kramer deny the existence of NYSCO Realty Corp., indeed by his verified answer in such case NYSCO Realty Corp. implicitly admitted its existence as a domestic corporation at the time of the suit.
Indeed it was only after such judgment in 1977 that plaintiff himself found out that NYSCO had been officially long dissolved and of the assignment over to Kramer. In such suit, NYSCO through Kramer was successful in reducing the amount of the security deposit for damages and repairs to the leased premises. Now he seeks to affirmatively wield the Statute of Limiations as a sword.
The initial deposit of the security deposit with NYSCO imposed a trust of such deposit (General Obligations Law, § 7-103; cf. People v Horowitz, 309 NY 426). Under section 7-105 of the General Obligations Law, such trust was also then imposed on defendant when he took as assignee of NYSCO on August 28, 1972. Defendant Kramer continued to hold himself out as "NYSCO Realty Corp.” even after its dissolution and came before this court representing that NYSCO was a de jure corporation at the time of the alleged breaking of the lease in December, 1972 — never mentioning the assignment to him personally of all such rights, and as shown above, never having legally notified plaintiff or plaintiffs assignor of such assignment.
Therefore, it is clear that plaintiff brought a timely action against NYSCO; however, NYSCO had ceased its existence and such fact was not made known by defendant Kramer.
It is also clear, however, that defendant had received the remaining moneys as a fiduciary in a trustee relationship by operation of law. Under CPLR 206 (subd [a]), this court holds that the Statute of Limitations did not commence to run until plaintiff received actual notice by the return answer of defendant on the information subpoena dated February 11, 1978, wherein he was finally informed by defendant that NYSCO Corporation was defunct. It was only at that time that plaintiff "discovered the fact upon which the right” to make demand of defendant in his trustee status began.
Having held that the action before this court is timely and *1027 having found defendant as a matter of law to be the trustee of the security deposit originally made to defendant’s assignor, NYSCO, this court grants summary judgment on plaintiff’s first cause of action in the amount of $4,445.10, plus interest from June 30, 1977 (the date of the prior judgment against NYSCO) plus costs and disbursements.