■ In the Matter of DEBENHAMS, INC., Petitioner, v COMMISSIONER OF FINANCE OF NEW YORK CITY, Respondent. — In this transferred CPLR article 78 proceeding, determination of the Commissioner of Finance, issued June 23, 1981 after a statutory hearing, assessing the petitioner under the New York City commercial rent or occupancy tax in the principal amount of $86,798.20, plus interest of $14,277.31, for a total of $101,075.51 for the periods from June 1, 1976 through May 31, 1979, unanimously annulled, on the law, without costs, solely with respect to the assessment relating to petitioner's lease at the Bonwit Teller store at 721 Fifth Avenue in the County of New York, the petition is granted to that extent, and the matter is remanded to the commissioner for reassessment of that tax in accordance with this memorandum. The petitioner Debenhams, Inc., which markets I. Miller brand ladies' shoes, entered into an agreement on May 28, 1976 with Genesco, Inc., which operates Bonwit Teller stores, permitting petitioner to operate for a 10-year period the I. Miller shoe departments in stores operated by Genesco, including the Bonwit Teller store located at 721 Fifth Avenue. The agreement is termed a "lease", Genesco is referred to as "[l]andlord", and Debenhams is referred to as "[t]enant". Debenhams is required to pay 14½% of its net sales as "rent". Debenhams argues here, as it did at the hearing, that it owes no New York City commercial rent or occupancy tax (Administrative Code of City of New York, ch 46, tit L) on the ground that it is not actually a tenant, despite the wording of the agreement, because certain indicia of a typical tenancy in real property are not present, e.g., Debenhams is not entitled to occupy a specified area of the store, the landlord is not excluded from the area set aside for Debenhams, and Debenhams has no key to gain entry to Bonwit Teller. However, it is not necessary that we analyze the myriad provisions of the 49-page lease agreement to determine whether it created a "true" landlord-tenant relationship since subdivision 2 of section L46-1.0 of the Administrative Code defines "landlord", for purposes of applying the tax, as "[a] person who grants the right to use or occupy premises to any lessee, sublessee, licensee or concessionaire" and subdivision 3 of section L46-1.0 defines "tenant" as "[a] person paying or required to pay rent for premises as a lessee, sublessee, licensee or concessionaire." It is clear that the agreement herein constituted, at the very least, a license for Debenhams to operate the I. Miller shoe department at Bonwit Tellers. (*Senrow Concessions v Shelton Props.,* 10 NY2d 320; *Layton v Namm & Sons,* 275 App Div 246, affd 302 NY 720; *Lordi v County of Nassau,* 20 AD2d 658.) Debenhams' further contention that in any event it is not subject to the tax because it did not "use or occupy" the portion of the premises set aside for the sale of I. Miller shoes is not persuasive under all the circumstances. The right of access during nonbusiness hours and presence through its own employees are not prerequisites to finding use and occupancy by the tenant herein. Accordingly, a landlord-tenant relationship within the meaning of section L46-1.0 has been established. Debenhams paid "rent" within the meaning of the statute, and Debenhams is therefore required to pay

the appropriate commercial rent or occupancy tax. We vacate the final determination of deficiency assessment to the extent that it found Debenhams liable to pay tax on the entire 14½% of its net sales. Debenhams had reported 8 ½% of the 14½% paid to Genesco as base rent on its commercial rent tax returns based on its estimate that 6% was not payable for use and occupancy, but represented payment to Genesco for services that are not ordinarily provided by a commercial landlord, e.g., credit services, collection of accounts receivable, phone service, cashiers, wrappers and stationery printing. Subdivision a of section L46-3.0 of the Administrative Code and article 8 (5) of the commercial rent or occupancy tax regulations establish a rebuttable presumption that all rent is taxable base rent unless the agreement between the landlord and tenant separately states the amount applicable to rent for the premises, and the amount applicable to services provided by the landlord. The agreement herein did not do so. At the hearing Debenhams introduced expert testimony and documentary evidence to rebut the presumption that the entire 14½% of its net sales represented taxable base rent, but the referee appears to have disregarded this evidence upon the erroneous view that the presumption was conclusive. Accordingly, the petition is granted to the extent of vacating the determination of tax deficiency with respect to the lease at 721 Fifth Avenue only, and the matter is remanded to the Commissioner of Finance for recomputation of tax deficiency, if any. Concur — Sandler, J. P., Sullivan, Carro, Silverman and Bloom, JJ.