2300 CONCOURSE REALTY CORP., Landlord, *v.* PHILIP KLUG, Tenant.

Municipal Court of the City of New York, Borough of The Bronx, March 20, 1952.

*Louis L. Schwartz* for tenant.

Loreto, J.  The New York Business Rent Law provides: "The provisions of this act also shall be inapplicable with respect to any business space now vacant or hereafter vacated by a tenant." (L. 1945, ch. 314, § 12, as amd. by L. 1950, ch. 326, and L. 1951, ch. 430, eff. March 31, 1951.)

The question raised in this summary proceeding is whether the lease entered into between the landlord and tenant herein on October 9, 1950, is within the purview of the above-quoted section of the statute.

The undisputed testimony is to the effect that another tenant had for a period continuing to the date of the lease occupied the premises as a statutory tenant, conducting a grocery store business therein.  The parties stipulated that the prior tenant, in pretense, informed the landlord that he had removed from the premises and that the landlord had no reason to believe this to be the fact.  The landlord thereupon entered into the lease mentioned with the present tenant, who entered into possession of the premises thereunder, the prior tenant acquiescing in such action.

It is contended that this business space was not " vacant " or " vacated by a tenant ", as provided by the statute, and that the new and higher rental fixed in the lease may not be collected since the premises are still under rent control.

The court does not agree with this contention.  It appears that the Legislature was concerned with protecting *tenants in occupancy* of business space against rent increases and that it intended to leave uncontrolled as to rent fixation business space which was or became free of occupancy.  This view is confirmed by the 1950 Report of the New York State Temporary Commission to Study Rents and Rental Conditions (N. Y. Legis. Doc., 1950, No. 49) which states: " In the field of commercial and business property there has been some improvement but it has been insufficient to justify the lifting of many restrictions notwithstanding the policy of the Commission gradually to decontrol such occupancies.  An examination of the part of this report which describes the amendments recommended to the Legislature for adoption will show progress made in that direction.  Most important of these recommendations will operate to decontrol all commercial and business space which is now or which will hereafter become vacant.  That recommendation is consistent with the primary purpose of the emergency statutes, i.e., to guarantee to a tenant continued occupancy during the emergency brought about by the acute shortage of space and during his tenancy, to protect him against unjust, unreason-

able and oppressive exactions of rent. When a tenant voluntarily vacates his loft, his office or his store the Commission believes that the State's duty to that tenant has been discharged.''

The court finds that the prior tenant '' vacated '' the premises within the intendment of the statute when he surrendered all his possessory rights thereto and consented to the entry into occupancy under a new lease of the present tenant. The subject business space thereupon became free of rent control and the fixation of rent was then open to bargaining between the landlord and the new tenant. The nonremoval from the premises of property belonging to the former tenant, under these circumstances, is of no moment.

The defense intimates that the conduct of the landlord and the prior tenant was charged with an unlawful scheming to violate the statute. This charge necessarily imputes to the parties the belief that it was necessary that the belongings of the prior tenant be removed from the premises in order that the premises might be deemed '' vacated '' within the purview of the act.

The pretense of the prior tenant and the connivance of the landlord regarding the removal of the belongings of the former, is irrelevant to the issue. Although the record is barren as to their disposition, the court may surmise that they were sold to the present tenant. The important fact is that the prior tenant unequivocally surrendered his right to occupancy in agreeing to permit the landlord to enter into a lease with the present tenant and to admit him into possession thereunder as a new tenant. It suffices to find that his tenancy thereupon terminated. The amendment to the statute was intended to protect against rent increase the tenant in possession, and not a new tenant entering into possession when the prior tenant no longer had any legal right thereto.

Next, the point made by the landlord's attorney based on his motion to strike out the answer because unverified, is overruled.

There remains for determination the counterclaim of the tenant which is based on a conversion of the security deposited under the lease. The record shows that the security deposit has been kept in a bank checking account of the landlord corporation, wherein its general funds, as well as other security deposits, were kept. It was conceded to be the only bank account maintained by the landlord for all its business operations.

Section 233 of the Real Property Law provides: '' Whenever money shall be deposited or advanced on a contract for the

use or rental of real property as security for performance of the contract or to be applied to payments upon such contract when due, such money, with interest accruing thereon, if any, until repaid or so applied, shall continue to be the money of the person making such deposit or advance and shall be held in trust by the person with whom such deposit or advance shall be made and shall not be mingled with the personal moneys or become an asset of the person receiving the same, but may be disposed of as provided in section thirteen hundred and two-a of the Penal Law. Any provision of such a contract whereby a person who so deposits or advances money waives any provision of this section is absolutely void." (Added by L. 1935, ch. 581, as amd. by L. 1942, ch. 628, and L. 1943, ch. 584, eff. April 17, 1943.)

The court finds that on the facts of this case there was a commingling of the security by the landlord with its own funds. Such conduct on the part of the landlord constitutes a conversion of the security justifying the tenant's demand for its return.

In similar circumstances, the court in *2710 8th Avenue, Inc.* v. *Forman Pharmacy* (180 Misc. 376, 377 [App. Term, 1st Dept.]) held: " Under section 233 of the Real Property Law money deposited by a tenant as security for performance of the terms of a lease are trust funds which may not be commingled with other funds of the landlord. Violation of this statute constitutes a conversion of the security and entitles the tenant to institute proceedings immediately upon such conversion to recover the deposit." (See, also, *Levinson* v. *Shapiro,* 238 App. Div. 158.)

Therefore, the court finds in favor of the landlord on its petition for the rent claimed in the sum of $175 and also finds in favor of the tenant on his counterclaim for the amount of the security, to wit, the sum of $175, which shall be applied as an offset to the landlord's claim. Judgment may be entered accordingly. Ten days' stay.