SOMMERS v. TIMELY TOYS, Inc.

Civ. No. 13085.

United States District Court
E. D. New York.

March 16, 1953.

Hauptman & Hauptman, Brooklyn, N. Y. (Salomon A. Hauptman, Brooklyn, N. Y., of counsel), for plaintiff.

George Knopp, New York City, for defendant.

BYERS, District Judge.

This is a bankruptcy trustee's action to recover $1,470 security for rental deposited by the bankrupt as tenant of the premises in which its operations were conducted. There are no issues of fact save as to some of the items of alleged damage as asserted by the defendant.

The lease was dated April 29, 1949, the term being five years from June 1st of that year, to May 31st, 1954; rental was $5,880 per year, payable monthly ($490) on the first day of each month. It is a prolix document of 35 printed and 10 typewritten paragraphs, the portions material to this controversy being (Exhibit 4):

"44. Tenant will deposit with the Landlord three months rent as security, the receipt of which is acknowledged by the Landlord by the signing of this instrument, for the full and faithful performance by the Tenant of all the terms, covenants and conditions of this lease on the part of the Tenant to be performed, which said sum shall be returned to the Tenant after the time fixed as the expiration of the term herein provided the Tenant has fully and faithfully carried out all of said terms, covenants and conditions on Tenant's part to be performed. In the event of a sale or transfer of the major lease aforementioned, subject to this lease, the Landlord shall have the right to transfer the security to the vendee, assignee or transferee for the benefit of the Tenant and the Landlord shall be considered released by the Tenant from all liability for the return of such security;

and the Tenant agrees to look to the new Landlord solely for the return of the said security, and it is agreed that this shall apply to every transfer or assignment of the security made to a new Landlord. Such sale, transfer or assignment by the Landlord must be bona-fide.

"45. The security deposited under this lease shall not be mortgaged, assigned or encumbered by the Tenant without the written consent of the Landlord."

The fact of due deposit of the security, $1,470, is not in issue; the defendant refuses to pay it over to the trustee in reliance upon the following provisions of the lease:

"21. (b) If * * * at any time during the term hereby demised there shall be filed by or against the Tenant in any court * * * of the United States * * * a petition in bankruptcy * * * this lease, at the option of the Landlord, exercised within a reasonable time after notice of the happening * * * may be cancelled and terminated and in which event neither Tenant nor any person claiming through or under Tenant by virtue of any statute or of an order of any court shall be entitled to possession or to remain in possession of the premises demised but shall forthwith quit and surrender the premises, and, Landlord in addition to the other rights and remedies Landlord has by virtue of any other provision herein or elsewhere in this lease contained or by virtue of any statute or rule of law, may retain as liquidated damages any rent, security, deposit or moneys received from Tenant * * *."

An involuntary petition in bankruptcy was filed in this Court against the tenant on May 18, 1951 and adjudication ensued on June 6, 1951.

The bankrupt's rent was collected in full by the landlord through the month of May 1951, so that none was unpaid at the filing of the petition. Also the premises were vacated during that month, and the landlord at once took possession, and re-rented the premises for a term of five years commencing June 15th 1951, at a rental of $6,600 per annum, or $720 per year over the rent reserved in the bankrupt's lease which had three years to run when the new one was made; the increased rental for that period was therefore $2,160. The defendant paid brokerage on the new lease in the sum of $990, of which three-fifths is $594.

The new lease is in evidence and recites the deposit of $1,650, (3 months rent at $550), as security for the payment of rents and performance of the covenants in the lease; thus the landlord so far from suffering any damages whatever, stands to make a substantial profit from the new tenancy which resulted from this bankruptcy.

Nor is its own position free from legal criticism. The security paid by the bankrupt concededly was commingled with its own funds in the corporation's only bank account. It was testified that the item was carried on the ledger of the defendant as an item of indebtedness but that does not meet the requirements of Section 233 of the Real Property Law of New York, McK.Consol.Laws, c. 50, added in 1935 and twice amended:

*"Money deposited or advanced for use or rental of real property*

"Whenever money shall be deposited or advanced on a contract for the use or rental of real property as security for performance of the contract or to be applied to payments upon such contract when due, such money, with interest accruing thereon, if any, until repaid or so applied, shall continue to be the money of the person making such deposit or advance and shall be held in trust by the person with whom such deposit or advance shall be made and shall not be mingled with the personal moneys or become an asset of the person receiving the same, but may be disposed of as provided in section thirteen hundred and two-a of the penal law. Any provision of such a contract

whereby a person who so deposits or advances money waives any provision of this section is absolutely void."

The state courts have interpreted the foregoing to mean what it says: Mallory etc. v. Barving etc., 300 N.Y. 297, 90 N.E.2d 468; Pollack v. Springer, 195 Misc. 523, 91 N.Y.S.2d 847, modified 196 Misc. 1015, 95 N.Y.S.2d 527.

These cases hold that the sum deposited as security is the property of the tenant, and as to it, the relationship between the parties is *not* that of debtor and creditor, but by operation of law the landlord is a trustee for the tenant.

■ No reluctance accompanies the application of the law in this case, which presents the picture of a landlord who is in a fair way to make a considerable profit under a new lease, fortuitously made possible as the result of the tenant's bankruptcy. Cf. Irving Trust Co. v. American etc., 2 Cir., 72 F.2d 288, at page 291, foot left-hand column.

Any asserted damage will of course be more than absorbed in the collection of increased rents, which means the landlord's present alleged claims are entirely contingent in the practical sense. To allow him to offset them against his fiduciary obligation which has not been performed according to the requirements of the quoted statute, would violate the plain requirements of bankruptcy administration. At the time of the filing of this suit, the landlord had collected $1,050 in excess of the rent reserved to him in the lease of April 29, 1949, which of course it does not tender to the trustee, on the theory that it made the new lease for and on behalf of the bankrupt.

Helpful discussions will be found in: Sline etc. v. Colvin, 4 Cir., 190 F.2d 401; Cannon v. 56th St., etc., 2 Cir., 45 F.2d 110; In re Homann, 2 Cir., 45 F.2d 481; In re Barnett, 2 Cir., 12 F.2d 73; In re Nathanson, D.C.Cir., 12 F.2d 622.

The only debatable matter as this Court sees the controversy, is whether rental for one-half of the month of June, 1951, should be awarded to the defendant, on the theory that the security was deposited for such purpose. That seems to have been the outcome of the appeal in the case of Pollack v. Springer, supra. If these premises had remained vacant for June, 1951, or if the reletting had been at a loss, a different situation would have been present within the contemplation of the bankrupt's lease; what happened was that a new lease was made, not for the balance of the original term, but for a longer one and at a higher rent, with the result that the landlord has suffered no loss whatever, but has turned the situation into a source of profit; however in the effort to reach an equitable result, so much will be conceded to the landlord.

The plaintiff otherwise is entitled to judgment for the full amount of the deposit, not only because the defendant has violated Sec. 233 of the Real Property Law of the State of New York, but because he has failed to demonstrate that he has suffered any damage as the result of the happenings contemplated by Sec. 21(b) of the lease as above quoted.

■ The items asserted are:

Brokerage paid for the new lease,.. $990.00
This is disallowed for two reasons:
(a) it is for a new term of five years;
(b) it is deemed to have entered into the computation of the rental payments fixed in the new lease, and is in truth therefore being paid by the new tenant.

Counsel fees in six dispossess proceedings said to have been conducted against the bankrupt, which brought about the payment in full, in each instance of the monthly rent, ......................... $500.00
This is not deemed to have been established, and on its face is excessive; nor has the necessity been shown; nor have bills been produced to establish the payments; nor has the reasonable value been satisfactorily demonstrated, or other require-

ments within the following paragraph of the lease:

"23. Fees and Expenses. If Tenant shall default in the performance of any covenant on Tenant's part to be performed by virtue of any provisions in any article of this lease contained, Landlord may immediately, or at any time thereafter, without notice, perform the same for the account of Tenant. If Landlord at any time is compelled to pay or elects to pay any sum of money, or do any act which will require the payment of any sum of money, by reason of the failure of Tenant to comply with any provision hereof, or, if Landlord is compelled to incur any expense including reasonable attorney's fees in instituting, prosecuting and/or defending any action or proceeding instituted by reason of any default by Tenant hereunder, the sum or sums so paid by Landlord with all interest, costs and damages, shall be deemed to be additional rent hereunder and shall be due from Tenant to Landlord on the first day of the month following the incurring of such respective expenses."

Finally, because the circumstance of which defendant complains has been the source of profit, not loss or damage.

Removal of refuse, repairs to floors, windows, etc. ............. $165.00
$235.00

These have not been the subject of actual proof, and are otherwise not to be offset against the security, for reasons stated concerning the foregoing items.

These three last mentioned claims for offset, even if properly proven, could not be dealt with as though the relation of debtor and creditor had resulted from the deposit of the security with the landlord, since Mallory v. Barving, supra, is to the opposite effect.

The plaintiff's judgment should carry interest from the date that he made demand upon the defendant for the return of the deposit. If that date cannot be agreed upon, the court will take testimony on the subject.

Judgment ordered as indicated.