**SOMMERS v. TIMELY TOYS, Inc.**

United States Court of Appeals
Second Circuit.

Argued Dec. 18, 1953.

Decided Jan. 4, 1954.

George Knopp, New York City, for defendant-appellant.

Hauptman & Hauptman, Brooklyn, N. Y. (Nathan Hauptman, Brooklyn, N. Y., of counsel), for plaintiff-appellee.

Before CLARK, FRANK, and HINCKS, Circuit Judges.

CLARK, Circuit Judge.

On this motion asking for a stay pending rehearing and in substance seeking rehearing and reversal of our previous dismissal of this appeal for want of timely prosecution, counsel for appellant urges that his delay in filing the record within the required time should not cause his client to lose a meritorious claim or defense and that the situation should be considered one of "merely excusable neglect" under our Rule 16(b), which supplements Fed.Rules Civ.Proc. rule 73(a). Generally we have been disposed to be lenient as to this requirement of our rule when the other of a showing of "a substantial question to be presented on appeal" is met. Accordingly we turn to this issue. We add that the two hearings we have thus accorded the parties have served to illuminate the sole legal question here, the facts being clear, as completely as would a protracted appeal.

Plaintiff below, trustee in bankruptcy, sought recovery of security for rental, posted by the bankrupt lessee, on the ground that defendant lessor had commingled it with its own funds in violation of § 233 of N.Y. Real Property Law, McK.Consol.Laws, c. 50. Defendant sought to retain all or part of the sum as damages for breach of the lease. The court below disallowed all but one item of damages, giving judgment for plaintiff, D.C.E.D.N.Y., 110 F.Supp. 844, and defendant appeals.

Section 233 of N.Y. Real Property Law provides:

"*Money deposited or advanced for use or rental of real property*

"Whenever money shall be deposited or advanced on a contract for the use or rental of real property as security for performance of the contract or to be applied to payments upon such contract when due, such money, with interest

accruing thereon, if any, until repaid or so applied, shall continue to be the money of the person making such deposit or advance and shall be held in trust by the person with whom such deposit or advance shall be made and shall not be mingled with the personal moneys or become an asset of the person receiving the same, but may be disposed of as provided in section thirteen hundred and two-a of the penal law. Any provision of such a contract whereby a person who so deposits or advances money waives any provision of this section is absolutely void."

 It is undisputed that defendant deposited the security in its general bank account and thus violated the statutory provision. 2300 Concourse Realty Corp. v. Klug, 201 Misc. 179, 111 N.Y.S.2d 168. And although it has been held that where the lease continues, a prior commingling since corrected does not forfeit the security, 160 Realty Corp. v. 162 Realty Corp., Sup., 113 N.Y.S.2d 618, affirmed without opinion, 280 App. Div. 762, 113 N.Y.S.2d 678, the cases are clear that absent these conditions the lessor has worked a conversion and the lessee is entitled to immediate recovery. Mallory Associates v. Barving Realty Co., 300 N.Y. 297, 90 N.E.2d 468, 15 A.L.R.2d 1193; Pollack v. Springer, 195 Misc. 523, 91 N.Y.S.2d 847, modified 196 Misc. 1015, 95 N.Y.S.2d 527; 2710 Eighth Ave., Inc., v. Frank Forman Pharmacy, Inc., 180 Misc. 376, 42 N.Y.S. 2d 887. It is clear therefore that defendant forfeited its right to the security, which accordingly cannot be treated as "any rent, security, deposit or moneys received from Tenant" which under the lease the lessor "may retain as liquidated damages" in the event of breach.

Moreover, defendant, following termination, promptly relet the premises for a longer term at a considerable increase. Far from suffering damage from its lessee's misfortune, it stands in a fair way to make a substantial profit. Since the lease was terminated at defendant's election, and its full term has not yet ex-

pired, any claim of damages is almost certainly premature under Hermitage Co. v. Levine, 248 N.Y. 333, 162 N.E. 97, 59 A.L.R. 1015, and when mature will most probably be found to be offset by profits under the new lease.

 In any event § 233 makes defendant a trustee by operation of law; and the setoff provisions of § 68 of the Bankruptcy Act, 11 U.S.C. § 108, which contemplate a debtor-creditor relationship, do not apply. Defendant is not entitled to a preference over other creditors. Since therefore we do not find a substantial question here or any ground for reversal of the district court's action, we shall allow our previous dismissal of the appeal to stand.

Motion for a stay pending rehearing denied; dismissal of the appeal confirmed.