In the Matter of TRU–SEAL ALUMI-NUM PRODUCTS CORP., Bankrupt.

No. Bk–54679.

United States District Court
E. D. New York.
Feb. 17, 1959.

I. Robert Bassin, Jamaica, N. Y., for trustee.

Gustav H. Zwerling, Hempstead, N. Y., for respondent Jacob Oliner, New York City, of counsel.

BRUCHHAUSEN, District Judge.

Fore Improvement Corporation, the bankrupt's landlord, seeks a review of the order of Hon. Sherman D. Warner, dated January 12, 1959, directing it to turn over to the trustee the sum of $1,-750, the security deposited under a lease between the landlord and the tenant, bankrupt.

The undisputed facts are that the lease was dated November 19, 1955; that pursuant thereto the bankrupt deposited with the landlord the sum of $1,750 as security for the faithful performance thereof; that the sum was deposited in the general account of the landlord and not in a special account; that on January 31, 1958 the bankrupt made a general assignment for the benefit of creditors; that on February 13, 1958 a final order of the District Court of Nassau County was made, awarding possession of the premises to the landlord, but without provision for a money judgment; that on March 4, 1958, the landlord procured a money judgment against the bankrupt for arrears of rent and damages, in the sum of $3,012.82; that on March 10, 1958 an involuntary petition was filed and on April 11, 1958 it was adjudicated a bankrupt.

The law applicable to a commingling of security is well stated in the case of Sommers v. Timely Toys, Inc., 2 Cir., 209 F.2d 342, wherein the Court ruled as follows:

1. That where a landlord deposits security in its general bank account it violates Section 233 of the Real Property Law which law prohibits the mingling of security and personal moneys.

2. That unless the lease continues and the fund is separated, the landlord by the act of commingling works a conversion, thereby entitling the tenant to immediate recovery of the security.

3. That by so forfeiting its right to the security, the landlord may not retain it in payment of any liquidated damages provided for by the terms of the lease.

4. That the said statute makes the landlord a trustee by operation of law and that the set of provisions of Section 68 of the Bankruptcy Act, 11 U.S. C.A. § 108, which contemplate a debtor-creditor relationship, do not apply.

5. That a claimant for unpaid rent is not entitled to a preference over other creditors.

The landlord in support of its position cites 3 Remington on Bankruptcy, Section 1211.01, stating the rule applicable in a case wherein the landlord performs its obligation to hold the security in a separate trust fund. However that rule does not apply to a situation involving a breach of trust by the landlord, resulting in a forfeiture of the security to the tenant.

In Pollack v. Springer, 196 Misc. 1015, 95 N.Y.S.2d 527, cited by the landlord, the court ruled as in Sommers, supra, that the tenant was entitled to the return of the security because the landlord had commingled it in violation of the aforementioned statute. The fact that the court also allowed the landlord to offset its claim for rent and damages against the security does not affect the case at bar. In Pollack, a nonbankruptcy case, the court applied the offset provisions contained in the New York Civil Practice Act. The case at bar, a bankruptcy proceeding, is governed by the Bankruptcy Act. Section 68 thereof sanctions set-offs "in all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor."

As to the security, the relationship between the landlord and the tenant was that of trustee and beneficiary of a trust, not that of debtor or creditor. The Court in Sommers so held, viz. [209 F.2d 343]:

"In any event § 233 makes defendant (landlord) a trustee by operation of law; and the setoff provisions of § 68 of the Bankruptcy Act, 11 U.S.C. § 108, which contemplate a debtor-creditor relationship, do not apply. Defendant (landlord) is not entitled to a preference over other creditors."

904

In the same vein, in the early case of Western Tie & Timber Co. v. Brown, 196 U.S. 502, 25 S.Ct. 339, 341, 49 L.Ed. 571, the Court wrote:

"It follows that as to such deductions the tie company stood towards Harrison in the relation of a trustee; and, therefore, the case was not one of mutual credits and debts, within the meaning of the set-off clause of the bankrupt law."

The findings and order of the Referee are confirmed.