Maurice Wahl, J.
Plaintiff and defendant, respectively, move for summary judgment, each claiming that there is no triable issue of fact.
Plaintiff sues to recover the sum of $258, claiming that the said sum was advanced to defendant as security deposit under lease to be subsequently entered into between plaintiff and defendant’s principal, and that the proffered lease was not as represented. In a second count, plaintiff seeks recovery of the said sum, on the theory of money had and received.
The defense is one of general denial, and affirmatively that the proffered lease was drawn pursuant to an application submitted to plaintiff by defendant on defendant’s standard form of lease.
Examination of application No. 154, dated January 28, 1958, indicates that plaintiff applied for a lease at the subject premises for a term of three years. The commencement and termination dates, although provided for in the application, are blank. The proffered lease for three years fixes the commencement date as October 1, 1958, and to end on September 30,1961, at an annual rental payable in equal monthly installments of $258. The said lease is, on what appears to be almost in essence, a real estate board form of lease.
Paragraph “ Fifteenth ” of the proffered lease provides: (1) That the landlord makes no representations or promises that the premises will be ready for occupancy on the date specified for the commencement of the term; (2) That if the landlord is not able to give possession, the lease, nonetheless, is effective at the date set forth for commencement, and that the tenant shall take possession when a certificate of occupancy *48 has been issued, but none of the terms or conditions nor the validity of the lease shall cause an abatement or diminution of rent except that there shall be an apportionment of the covenant of rent from the date of actual possession.
While perhaps a minute reading of the defendant’s motion for summary judgment and the plaintiff’s cross motion for summary judgment may develop some triable issues of fact which would in the ordinary course of events require a denial of both motions, under the established rule that the function of the court is not “ to try the issue, but * * * to determine whether there is an issue to be tried ” (Dwan v. Massarene, 199 App. Div. 872, 879), nonetheless, since both parties have moved, the court will accept that as a concession on each of their parts that if there be any minute issue of fact for trial, it is waived, as each side proffers primarily an issue of law for determination.
Defendant earnestly contends that under the application No. 154 for lease, it constitutes a binding agreement on plaintiff’s part, and that unless the landlord rejects the plaintiff’s application, the plaintiff applicant is not entitled to a return of any deposit made thereunder, but that such deposit shall be regarded as liquidated damages- and retained by the landlord as such. This, followed by a nonrelevant paragraph in the application, purports to bear the plaintiff’s signature.
Thereafter, there are four further printed paragraphs, one of which, so far as relevant, reads:
“ That the lease for the aforementioned apartment is executed and delivered by the Applicant, and if accepted and executed by the Landlord, it shall forthwith become effective and binding and an executed counterpart thereof shall, within a reasonable time, be mailed to the Tenant.
“ The deposit delivered by Applicant shall be an amount equal to rent for one month pr the sum of $200.00, whichever is greater. Upon the commencement of the lease by the Applicant as Tenant, the amount of said deposit shall be increased to an amount equal to two months. In addition, the Tenant shall deliver as security under said lease an amount equal to rent for one month. ’ ’ This is followed by what purports to be plaintiff’s signature.
It is clear to the court that the application, by its own terminology, was never intended by the parties to be a valid, subsisting or binding agreement. It was, at its best, a unilateral offer by plaintiff, and by the afore-quoted language it becomes patently clear that the condition of mutuality and contractual liability is premised upon “ when the lease is executed and. *49 delivered ’ ’, and ‘ ‘ if accepted and executed by the Landlord ’ ’, it shall then only become effective and binding.
One of the essential terms of the offer is the term of commencement and termination to cover a three-year period. This is omitted from the offer, and thus, when the landlord proffered its proposed lease with an effective date of October 1, 1958, and the termination date of September 30, 1961, there is no proof in the papers that that was the agreed upon term, and further, there is nothing in the offer which would indicate that one of the essential terms would be the pro-ration of rent if the landlord failed to give occupancy without affecting the validity of the lease or diminution of the rental value.
There is a paucity of authority on the precise subject matter at hand. None of the authorities cited by either counsel appears to shed any light on the true underlying issue, which apparently neither side has suggested to the court. Since there is this basic underlying issue of law which expresses the public policy of this State, and which neither side has briefed, the court, on its own independent research, will determine the issues here. The subject matter of the controversy affects real property in the State of New York, and as such, it is covered by the Beal Property Law, and particularly the precise issue here is covered by section 233 of the Beal Property Law. Said statute reads: ‘ ‘ Whenever money shall be deposited or advanced on a contract for the use or rental of real property as security for performance of the contract or to be applied to payments upon such contract when due, such money, with interest accruing thereon, if any, until repaid or so applied, shall continue to be the money of the person making such deposit or advance and shall be held in trust by the person with whom such deposit or advance shall be made and shall not be mingled with the personal moneys or become an asset of the person receiving the same, but may be disposed of as provided in section thirteen hundred and two-a of the penal law. Any provision of such a contract whereby a person who so deposits or advances money waives any provision of this section is absolutely void.” (Emphasis supplied.)
The statute dispositive of the public policy of the State is, in the court’s opinion, determinative of the issue here.
Considering the application for the lease in its most favorable light to defendant, we ascertain that it is dated January 28, 1958, with a then payment of $258, to commence under the defendant’s own proffered lease dated February 12, 1958, on October 1, 1958 and to end on September 30, 1961, to be within the orbit of the afore-mentioned statute as a deposit or advance *50 on a contract for the Use or rental of real property, or to be applied to the payment upon such contract when due. Under either hypothesis, it is obvious that the $258 payment by plaintiff is a trust fund within the intent, spirit and purpose of the afore-mentioned statute, and title to that money, at all times, subject to any other judicial determination, remains in the depositor plaintiff. It may neither be commingled nor become an asset of the depositee, and of course, as such, it may not be used by the depositee as either a forfeiture, liquidated damages or an offset (Sommers v. Timely Toys, 110 F. Supp. 844, appeal dismissed 209 F. 2d 342).
Manifestly, if the application, contrary to defendant’s contention, is not a binding agreement upon which the minds of the parties have met, then it cannot constitute an agreement, or indeed the agreement of letting or lease, and thus, it would be repugnant to the principle that, “ This section of the Real Property Law unless otherwise provided in the lease, causes such a deposit to become a trust fund, remaining the property of the tenant although in the custody of the landlord, until applied against defaulted covenants in the lease,” (People v. Horowitz, 309 N. Y. 426, 428).
The reference there is to the provisions of a “ lease ”, whereas in the case at bar, under the court’s hypothesis there is no lease, but merely an offer or application for a lease, which, at its best, on plaintiff’s part, is unilateral.
As the statute provides, declarative of the public policy of this State, no waiver of the statute is permissible, and any purported waiver thereof, whether oral or in writing, is void, and not voidable.
In essence, defendant’s position on its motion for summary judgment is that this deposit belongs to it, that it has title thereto, but asks for judicial fiat that plaintiff be excluded from any right, title and interest therein, and that defendant be declared to be the absolute owner thereof by way of liquidated damages.
Without considering the rationale of law as to whether it is so disproportionate or oppressive as to constitute a forfeiture rather than liquidated damages, which it is not, in the court’s opinion, that is not the real issue. By no amount of legal legerdemain or by any principles of law known to this court can defendant convert plaintiff’s title into its own, under the given circumstances of this case. The posture of the case is such that the $258 payment was made in advance, as required by the statute afore-mentioned, and,_ thus, is a trust fund, the title to which remained in the depositor.
*51 The court is, therefore, of the opinion that defendant’s motion for summary judgment must be denied, and that plaintiff’s motion for summary judgment be granted, the answer stricken out and the clerk directed to enter judgment in plaintiff’s favor for the amount demanded in the complaint, together with interest, costs and disbursements as allowed by law.
This determination is without prejudice to whatever rights, causes of action or other remedies defendant may have in law, and to proceed as it may be advised.