In the Matter of PERFECTION TECHNICAL SERVICES PRESS, INC., Assignor. ISIDORE CHERNO, Assignee, Appellant; DALECAR REALTY CORP., Respondent.

Second Department, January 11, 1965.

*Adolph B. Horowitz* for appellant.

*Julius Gilman* and *Herman Wollitzer* for respondent.

UGHETTA, Acting P. J.  In this proceeding with respect to a general assignment for the benefit of creditors, the question presented is whether a landlord who has commingled a tenant's advance rental deposit in violation of section 233 of the Real Property Law is entitled to set off such security deposit against the landlord's claims for rent arrears.

The facts are not in dispute.

On April 27, 1960, respondent Dalccar Realty Corp., as landlord, entered into a 10-year lease of certain real property with another corporation, Perfection on Long Island, Inc., as tenant. (The tenant's name was subsequently changed to Perfection Technical Services Press, Inc., and the tenant is the assignor herein.)  Pursuant to the terms of the lease, the tenant advanced $6,000 to the landlord to be applied as follows to the payment of rent: $1,000 for the first month of the second year of the term, and $1,000 for the first month of each succeeding year up to and including the seventh year.  In November, 1961, the landlord properly applied $1,000 in payment of rent.

On or about July 20, 1962, the tenant, as assignor, executed a general assignment for the benefit of creditors to Isidore Cherno, as assignee.  As such assignee, Cherno went into possession of the leased premises.  The landlord moved to compel the allowance of its claims against the assets of the tenant assignor, the greater part of such claims being for unpaid rent amounting to some $15,000.  The assignee cross-moved to compel the landlord to turn over the advance rental payment on the ground that it had commingled this security deposit with its general funds in violation of section 233 of the Real Property Law.  By separate orders, the County Court allowed certain of the landlord's claims but directed it to turn over the balance

of the security deposit without utilizing it as an offset against any of its claims. The Appellate Term modified that determination, holding that it was error to disallow a mutual offset of debts and credits between the parties and thus to disable them from striking a balance of the amount due. We hold that the County Court was correct in refusing to permit the security deposit to be set off against the landlord's claims for rent arrears.

Prior to the enactment of section 233 of the Real Property Law in 1935, it was uniformly held that, in the absence of facts from which a contrary intention could be inferred, a deposit of security by a tenant under a lease created a debtor-creditor relationship, and that the landlord had the right to use such moneys until the date specified for repayment (*Mallory Assoc.* v. *Barving Realty Co.*, 300 N. Y. 297, 299–300; *Mendelson-Silverman, Inc.* v. *Malco Trading Corp.*, 262 N. Y. 621). If the landlord exhausted the deposit, the tenant who sought to recover it was relegated to an action based on the personal obligation of the landlord — a right of little value where the landlord in the interim had become insolvent (*People* v. *Horowitz,* 309 N. Y. 426, 428). Now, however, to prevent the depletion of such a deposit, the statute (Real Property Law, § 233) expressly constitutes the landlord a trustee and forbids him to mingle the deposit with his personal funds. Consequently, any such commingling is now deemed to be a conversion (*Mallory Assoc.* v. *Barving Realty Co., supra*) which entitles the tenant to immediate recovery of the deposit intact (*Pollack* v. *Springer,* 195 Misc. 523, mod. 196 Misc. 1015; *2710 8th Ave.* v. *Forman Pharmacy,* 180 Misc. 376, 377).

The precise question presented on this appeal is whether the landlord, having commingled the deposit with its general funds, may set off claims for unpaid rent when an assignee for the benefit of creditors seeks to recover the deposit. In *Matter of Holst Co.* (213 N. Y. S. 2d 952), it was held that the landlord cannot. In *Pollack* v. *Springer (supra)*, it was held that a landlord may offset judgments for rent arrears in a suit by the tenant to recover a commingled deposit. However, the decision in *Freedman* v. *Washington Sq. Mgt. Corp.* (19 Misc 2d 46, 50) is to the contrary. There it was said that such a deposit "may not be used by the depositee as either a forfeiture, liquidated damages or an offset". In the instant case, the Appellate Term declined to follow the *Holst* case and held the decision in *Pollack* to be the sounder approach. We disagree.

The similarity between the Federal Bankruptcy Act and related New York assignment statutes was noted by the Court

of Appeals in *Matter of Pavone Textile Corp.* (*Bloom*) (302 N. Y. 206, 212, affd. *sub nom. United States* v. *Bloom,* 342 U. S. 912). It has been the policy of our courts, in considering questions arising under an assignment for the benefit of creditors, to be guided to some extent by the law and practice of the bankruptcy courts (*Matter of M. S. Ackerman, Inc.* [*Melniker*], 19 Misc 2d 260, 261). A landlord who has commingled a rent deposit may not set off claims for rent against a trustee in bankruptcy who seeks to recover the deposit (*Fore Improvement Corp.* v. *Selig,* 278 F. 2d 143, 145, affg. *Matter of Tru-Seal Aluminum Prods. Corp.,* 170 F. Supp. 902; *Sommers* v. *Timely Toys,* 110 F. Supp. 844, 847, affd. 209 F. 2d 342, 343).

The respondent landlord argues that section 13 of the Debtor and Creditor Law constitutes the basis of its claim for a mutual offset. Section 13 provides, in relevant part, that: '' In allowing the claims against the estate, in all cases of mutual debts or credits between the estate of the assignor and a creditor the amount shall be stated and one debt shall be set off against the other, and the balance only shall be allowed.'' The Federal Bankruptcy Act (U. S. Code, tit. 11, § 108, subd. [a]) provides: '' In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid.'' The similarity between the two sections is obvious.

In *Morris* v. *Windsor Trust Co.* (213 N. Y. 27, 29–30), Judge CARDOZO pointed out that the terms '' mutual debts '' and '' mutual credits '' are correlative; that what is a debt on one side is a credit on the other; and that where a party seeks to set off money held not as a debtor, but as a trustee, there are no '' mutual debts '' within the meaning of the bankruptcy statute. He also stated that '' A wrongdoer who has misapplied the subject of a trust is not entitled, either under the Bankruptcy Act or under the rules of equitable set-off, to apply a credit that belongs to him in his own right in cancellation of his liability as a fiduciary.''

In *Matter of People* (*Consolidated Ind. & Ins. Co.*) (287 N. Y. 34, 38), the court, in construing section 538 of the Insurance Law, said '' The phrase ' mutual debts ' is not new. It has been said: ' Debts, to be applied against each other, must be mutual * * *. To be mutual, they must be due to and from the same persons in the same capacity.' (*Beecher* v. *Vogt Mfg. Co.,* 227 N. Y. 468, 473; *Morris* v. *Windsor Trust Co.,* 213 N. Y. 27, 31, 33; *Pink* v. *Title Guarantee & Trust Co.,* 274 N. Y. 167, 175, 176.) ''

It is clear, therefore, that the respondent landlord's reliance on section 13 of the Debtor and Creditor Law to sustain a right of setoff is misplaced. Section 233 of the Real Property Law constituted the landlord a trustee of the deposit, not a debtor. There were no "mutual debts" which could be set off within the meaning of the statute. It is the well-settled rule that a party who sues in one capacity shall not be subject to setoffs or counterclaims asserted against him in a different capacity (cf. *Ruzicka* v. *Rager*, 305 N. Y. 191, 199; *Morris* v. *Windsor Trust Co.*, 213 N. Y. 27, 31, *supra*).

The Appellate Term, in the instant case, rejected the result reached in *Matter of Holst Co.* (*supra*), stating that it "creates a civil penalty not to be found in the statute" (Real Property Law, § 233). As we have pointed out, however, section 233 changed the legal relationship between the parties from debtor-creditor to trustee-*cestui que trust*. The inability of the commingling landlord to set off claims against the deposit flows from the change in his legal status. He does not owe a debt as he once did; he owes a duty not to commingle the deposit with his own funds. Upon a breach of that duty, he forfeits his right to avail himself of the deposit for any purpose. To allow him to set off the deposit against his individual claims is to treat the deposit as a debt and the landlord as a debtor — precisely the situation which section 233 was enacted to change. The Appellate Term adopted *Pollack* v. *Springer* (195 Misc. 523, mod. 196 Misc. 1015, *supra*) as the sounder view. The court which decided *Pollack* cited no authority for its position that a commingling landlord should be permitted to offset claims against the deposit, and doubt as to its correctness has been voiced by Judge FRIENDLY, concurring in *Fore Improvement Corp.* v. *Selig* (278 F. 2d 143, 148, *supra*).

The order of the Appellate Term, insofar as appealed from, should be reversed on the law, with costs; and the orders of the County Court, Nassau County, insofar as they deny the landlord the right to offset the balance of the security held by it against the claims asserted by it, should be reinstated. The respondent's time to turn over the balance of the security deposit to the assignee should be extended until 30 days after entry of the order hereon.

No questions of fact have been considered.

CHRIST, BRENNAN, HILL and HOPKINS, JJ., concur.

Order of the Appellate Term, insofar as appealed from, reversed on the law, with costs; and the orders of the County Court, Nassau County, insofar as they deny such right of offset,

reinstated. No questions of fact have been considered. The respondent's time to turn over the balance of the said security deposit to the assignee is extended until 30 days after entry of the order hereon.