Raymond L. Wilkes, J.
This is a motion by the assignee to settle the assignee’s account, to fix his commission and to fix a fee for his attorney’s services.
Section 21 of the Debtor and Creditor Law places upon the court the burden of determining the assignee’s commission "not to exceed five percentum on the whole sum which will have come into his * * * hands”, and further the burden of determining "reasonable counsel fees and costs” for the attorney for the assignee. The Appellate Division (2d Dept) admonishes us that the Debtor and Creditor Law and the Bankruptcy Act are comparable to the extent that in arriving at these determinations, we may be guided by the practices prevailing in the courts of bankruptcy. (Matter of Perfection Tech. Servs. Press, 22 AD2d 352.)
Case law suggests that in determining allowances for commissions and fees, the court should consider such factors as "the time and labor necessarily involved, the novelty and difficulty of the questions presented, and the skill required to conduct the cause properly” (citation omitted). (Securities *728 Investor Protection Corp. v Charisma Securities Corp., 352 F Supp 302, 307.) A further consideration is the "overall relationship of the compensation to the size of the estate being administered under a concept of reasonable economy of administration” (citation omitted). (Securities Investor Protection Corp. v Charisma Securities Corp., supra, p 307.) The court must then necessarily consider whether the work required involved legal expertise or was merely clerical and mechanical in nature.
The applicable cases further indicate that, in petitions for allowances, "mere estimates” are not enough. "The Court of Appeals has repeatedly requested attorneys to maintain and furnish time records in support of such applications. The application to be made herein should therefore comply with the directive in In re Borgenicht v Hahn, Hessen, Margolis and Ryan, 470 F2d 283 [2d Cir. 1972]” (Securities Investor Protection Corp. v Charisma Securities Corp., supra, p 308). In Borgenicht, the Court of Appeals for the Second Circuit urged attorneys petitioning for compensation to furnish more complete applications, and issued a warning: "the petition for allowance contained only an estimate of time spent (300 hours) and did not include time records of any kind. We have warned that mere estimates are not enough in an application for an allowance, and we have repeatedly requested attorneys to maintain and furnish time records in support of such applications. [Citations omitted.] The failure of appellee here to keep proper records indicates that some other course may be required to obtain compliance with what we regard as a desirable practice.” (Emphasis supplied.)
Recently, Justice Stecher in Matter of Filartex Fabrics Co. (80 Misc 2d 665, 667-668) restated the essence of both the Borgenicht and Securities Investor Protection decisions insofar as they relate to petitions for fees: "I have had other occasion to call to the attention of counsel what is — and what is not — a sufficient affidavit of services in support of an application for professional — attorneys’ or accountants’ — fees. The 15-page "petition” for legal fees is as uninformative as its predecessors in other cases. Perhaps the problem is that it presents a somewhat diffuse history of the assignment rather than a concise record of the services which the attorneys rendered specifying the level of personnel involved (e.g., senior partner, associate, clerk, etc.) and the time necessarily occupied. The court is not prepared to say that the sums requested are *729 excessive or unjustified; they are merely inadequately supported. ” (Emphasis supplied.)
The complaint voiced by Justice Stecher has long been a plaint of this court as well. Indeed, in Matter of Terryville Estates (Nassau County Ct., Nov. 30, 1973), my learned colleague, Honorable Frank X. Altimari (then Administrative Judge of this court, now Justice of the New York State Supreme Court) discussed assignees’ and attorneys’ petitions for compensation. In keeping with the Borgenicht and Securities Investor Protection Corp. decisions, Justice Altimari concluded: "(1) Clerical, non-legal work is not properly referrable by an assignee (to his attorney to be compensated at the necessarily higher professional rates). (2) The assignee must make some showing of the work he actually did, and the time spent in performing his duties, so that the Court may properly determine his commission. (3) The attorney must submit time records for the legal work he has done in behalf of the estate, and indicate who in the firm actually did the work (senior partner, junior partner, clerical help). The attorney will not be compensated for the uncomplex, custodial and mechanical work the assignee should properly be performing.” (Matter of Terryville Estates, supra, p 2.)
The court hereby unreservedly and wholeheartedly adopts the conclusions reached by Justice Altimari in Terryville Estates (supra) and so recently restated by Justice Stecher in Filartex Fabrics (supra). Consequently, the Bar is hereby categorically placed upon notice to the effect that, in the future, petitions for fees for assignees and their attorneys as well shall be evaluated by the foregoing criteria.
In the instant case, based upon the affidavits submitted by the attorney, and after a review of the entire file involved in this assignment, and in view of the foregoing guidelines, the motion to settle the assignee’s account is deferred. The attorney for the assignee is hereby directed to submit additional supportive documentation within 30 days of the date hereof in accordance with the guidelines hereinabove enumerated in support of his request for fees. The petition submitted herein is strikingly similar to the one so dissectingly described by Justice Stecher in Filartex Fabrics (supra). The court takes pains to note, as Justice Stecher did as well, that this is by no manner or means an isolated instance. Quite the contrary, it appears to be the heretofore quite commonly accepted practice among attorneys petitioning this court for allowances in as *730 signment proceedings. Past admonitions having gone unheeded — old customs must at long last curtsy before new circumstance. It is verily "time for a change” — high time indeed — and the time is now. We wish to note further that we are neither saying nor implying that the sums requested by the attorney are excessive or unjustified; they are merely "inadequately supported”.
After submission of specifically supportive documentation, this petition for the allowance of assignee and attorneys’ fees will be determined.