OPINION OF THE COURT
Sam Eisenberg, J.
In this holdover proceeding, the landlord also sues to recover rent for the months of August, September and October 1984 preceding the date of the termination of the tenancy. The landlord claims unpaid rent for August in the amount of $25; September in the amount of $250; and October in the amount of $500 for an aggregate sum of $775. The tenant asserts that there is unpaid for the month of August the sum of $225; that the full rent of $500 was paid for the month of September and that there is only unpaid for the month of October the sum of $20 for an aggregate sum of $245.
The tenant took occupancy in April of 1984 at which time the first month’s rent of $500 was paid and á security deposit of $500 was made, which security is still held by the landlord. All payments by the tenant to the landlord were made by cash, and at no time did the landlord give any receipts to the tenants for any cash payments. While the landlord admits that no such receipts were ever given, she asserts by way of explanation that the tenants never requested any such receipts. No records were kept by the landlord as to payments by the tenant and, thus, her testimony is not supported by any books or records.
The failure of the landlord to give receipts is a clear violation of Real Property Law § 235-e which provides that upon the receipt of cash rent for residential premises, it shall be the duty *370 of the landlord to provide a written receipt in the form indicated by the statute. The statute itself gives no sanctions for failure of the landlord to give such receipts. Obviously, observance of the statute would have been most helpful in a situation of this kind where the only evidence before the court are the contradictory statements of the parties. It seems to this court that where a landlord has violated the provisions of Real Property Law § 235-e by failing to give receipts for cash payments, that such violation may be considered in weighing the testimony of the landlord. Thus, as in this case where the only evidence before the court are the contradictory statements under oath by the respective parties, and where the landlord has clearly violated Real Property Law § 235-e, the doubt should be resolved in favor of the tenant. The court therefore finds that the amount owing by the tenant to the landlord for the months of August, September and October 1984 is the sum of $245.
The landlord admits that she is holding security in the amount of $500 and that she has commingled that security with her own personal funds in violation of General Obligations Law § 7-103. It is apparent that this violation arose out of a lack of knowledge; but, nonetheless, where there has been a commingling of the landlord’s personal funds with the deposit of security in violation of General Obligations Law § 7-103, the tenant is entitled to an immediate recovery of the deposit. (Matter of Perfection Tech. Servs. Press [Cherno-Dalecar Realty Corp.], 22 AD2d 352, affd 18 NY2d 644.)
There is no dispute that the landlord is entitled to the recovery of the premises and judgment awarding possession is granted to the landlord, and the warrant of eviction shall issue. However, the tenants, appealing to the court’s discretion, seek a stay of enforcement of the warrant of eviction until the end of December 1984. The tenants have three children. They have rented a new apartment, but it is likely that it will not be available to them until the end of December 1984. This court has the discretionary power in holdover proceedings to grant a reasonable stay. (Matter of Fulton Redevelopment Co. v Kendall, 68 Misc 2d 813.) A stay of enforcement of the warrant of eviction to the end of December appears under all of the circumstances to be appropriate and reasonable. Execution of the warrant of eviction is stayed therefore to December 31, 1984. The court, however, may impose appropriate conditions with respect to any such stay and it imposes the following conditions:
(1) The rent found to be owing to the landlord in the sum of $245 is to be paid to the landlord no later than December 10, 1984.
*371 (2) The use and occupancy for the month of December 1984 is fixed in the amount of $500 and this sum is to be paid by the tenants to the landlord no later than December 10, 1984. If the tenants should vacate the premises prior to December 31, 1984, the tenants shall be entitled to receive a pro rata refund of the unused portion of the amount prepaid for use and occupancy.
(3) While the tenant is entitled to the return of the security because of the commingling thereof, in view of the antagonism between the tenants and the landlord, it is appropriate that the court impose security for the faithful performance by the tenants of their obligations under this decision and their removal no later than December 31, 1984. The $500 of security which ordinarily would be returned to the tenants may be retained by the landlord as security for compliance by the tenants with the conditions herein set forth and as security for their removal by December 31, 1984.
If the tenants shall fail to make payment of the amounts determined to be due for rent and for use and occupancy of the premises, the landlord may make application to vacate the stay of the warrant of eviction upon three days’ notice to the tenants by ordinary mail.
Enter judgment accordingly. A warrant of eviction is to issue, stayed until December 31, 1984, on the conditions herein set forth.