OPINION OF THE COURT
Franklin T. Russell, J.
The parties presented their testimony and evidence before the Honorable Franklin T. Russell, Town Justice for the Town of Arcadia, on June 15, 1989. After a review of the evidence and due deliberation, the court finds as follows:
In summary, the parties entered into a landlord-tenant relationship on or about October 1988, at which time plaintiff agreed to rent premises to defendant for the monthly rental of $475. It was further agreed that defendant would pay a security deposit in the sum of $475, only $200 of which has been paid to plaintiff. During the course of the tenancy, the *1049 Department of Social Services paid a portion of the monthly rental, defendant was to pay the balance.
Plaintiff testified that defendant left without providing a 30-day notice (the testimony between the parties differed as to whether defendant advised plaintiff on the day defendant quit the premises or two days prior thereto). Plaintiff brings this action seeking $783 in back rent, said sum reflecting the deduction of the $200 deposit tendered.
Defendant disputes the amount due, stating that he had paid his monthly share of the rent in cash. Defendant testified that plaintiff gave no receipts for the cash payments, even though requested by defendant (plaintiff testified that defendant never asked for a receipt). When asked by the court to produce records to show when and in what amount rental payments were made, plaintiff advised the court that he had no records. Plaintiff testified he kept a sheet near the telephone on which he made notes regarding the status of the tenant’s rental payments, yet he could produce nothing except a piece of memo paper bearing the amount plaintiff claims to be due ($783). Defendant admitted that he owed about $200 in back rent.
Section 235-e of the Real Property Law provides that:
"(a) Upon the receipt of rent for residential premises in the form of cash * * * it shall be the duty of the landlord to provide the payor with a written receipt containing the following:
"1. The date;
"2. The amount;
"3. The identity of the premises and period for which paid; and
"4. The signature and title of the person receiving the rent.”
The failure of plaintiff (landlord) to give receipts is a clear violation of section 235-e of the Real Property Law. While the statute itself gives no sanctions for failure of the landlord to give such receipts, such violation may be considered in weighing the testimony of the landlord. Obviously, observance of the statute would have been most helpful in this situation, where the only evidence before the court is the contradictory statements of the parties as to the amount due. Thus, where the only evidence before the court is the contradictory statements given under oath by the respective parties, and where the landlord has clearly violated section 235-e of the Real Prop *1050 erty Law, the doubt should be resolved in favor of the tenant (defendant). (See, Palmieri v Hernandez, 127 Misc 2d 369.)
Defendant has admitted to owing plaintiff approximately $200 and this court will, therefore, grant judgment to the plaintiff in the sum of $200, plus disbursements. There shall be no award of costs.