OPINION OF THE COURT
Victor B. Chambers, J.
Plaintiff sues defendant for rent owed for an apartment oc *774 cupied by defendant from November 1, 1996 to June 1, 1999. Rent was established by written lease at $320 per month. Plaintiff testified that defendant made various rental payments by cash, money order or check for amounts that varied from $190 to $500. She offered as evidence, which was received without objection, a schedule of the rent charges, the amount of rent paid, the date of payment and the payment method. They also testified that they provided a monthly statement to the defendant that showed plaintiff’s name, the balance forward, the charges for rent, the amount of any payment and the closing balance.
Defendant testified that she did not get the monthly statements. She did not deny that she owed rent. She in fact offered no testimony as to any payments she made, or to contradict the testimony of plaintiff.
At the conclusion of both parties’ cases defendant cited section 235-e of the Real Property Law and Palmieri v Hernandez (127 Misc 2d 369) for the proposition that, absent receipts, plaintiff cannot maintain an action for rent due. Citing the above case, defendant took the position that the failure by plaintiff to produce receipts requires the court to resolve any conflicting testimony about rental payments in favor of the defendant. Palmieri v Hernandez was essentially followed in Brinkman v Cahill (143 Misc 2d 1048). Both cases held that where the only evidence before the court is the contradictory statements given under oath by the respective parties, and where the landlord has clearly violated section 235-e of the Real Property Law, the doubt should be resolved in favor of the tenant. (Palmieri v Hernandez, supra, at 370; Brinkman v Cahill, supra, at 1049-1050.)
First, Palmieri (supra) can be distinguished from the case at bar. In that case the landlord kept no records of rent received. In this case records were kept, and a summary was received in evidence without objection. In that case the tenant disputed the amount due, claiming that he had made the payments. In this case, defendant never claimed that plaintiff’s figures were inaccurate. In that case, no receipts of any kind were given. In this case plaintiff testified that she furnished monthly statements showing the payments made. While the statements don’t comply strictly with Real Property Law § 235-e in that they don’t contain the landlord’s signature, they do provide the balance of the required information. The court finds them to be the functional equivalent of receipts.
*775 Also, in this case evidence was received that defendant made payments larger than the monthly rent due, including a $400 payment made in the last month of the tenancy. These excess payments indicate some consciousness on the part of the defendant that she was behind in her rent.
Real Property Law § 235-e states that “Upon the receipt of rent for residential premises in the form of cash or any instrument other than the personal check of the tenant, it shall be the duty of the landlord to provide the payor with a written receipt”. Nowhere in the statute, or in any section of article 7 of the Real Property Law, does it provide that the failure to comply with the terms of the statute shall be a reason for forfeiture by the landlord of any rental amounts due. The statute, in fact, has no sanctions whatsoever. To draw the conclusion, as reached in Palmieri (supra) and Brinkman (supra), that the violation of the statute creates a presumption in favor of the tenants inserts a consequence into the statute that simply has not been enacted by the Legislature.
Even if the court were to follow the cases above, however, it would hold for the plaintiff. Because contradictory statements were not the “only” evidence received by the court, and because the landlord has not “clearly” violated the statute, the court finds for plaintiff in the sum of $2,200.