*221 OPINION OF THE COURT
Memorandum.
Judgment unanimously reversed without costs, and the matter is remanded to the court below for a new trial in accordance with the decision herein.
General Obligations Law § 7-103 (1) provides that a security deposit “shall continue to be the money of the person making such deposit or advance and shall be held in trust by the person with whom such deposit or advance shall be made and shall not be mingled with the personal moneys or become an asset of the person receiving the same”. The rule against commingling of a security deposit with a landlord’s own funds was reaffirmed by this court in Levy v Taninbaum (NYLJ, Dec. 24, 1997, at 23, col 6 [App Term, 9th & 10th Jud Dists]), wherein it was stated: “A landlord holding a security deposit under a lease covering the rental of real property does so in the capacity of a trustee (Glass v. Janbach Properties, Inc. 73 AD2d 106, 108). The landlord owes a duty not to commingle the deposit with his own funds, and upon breach of that duty, he forfeits his right to avail himself of the deposit for any purpose (Matter of Perfection Technical Services Press, 22 AD2d 352, 356, aff'd 18 NY2d 644). Commingling of security deposit funds with a landlord’s personal funds is a conversion and tenant has an immediate right to recover the funds (LeRoy v. Sayers, 217 AD2d 63, 68, citing Sommers v. Timely Toys, 209 F2d 342 [2nd Cir 1954]; 74 NY Jur 2d Landlord and Tenant, Sec. 604).”
In the instant case, one of the defendants, apparently a co-owner of the subject property, testified that she placed the plaintiffs’ security deposit in cash, in a sealed envelope that also contained a will and other “important” documents, together with a letter signed by her and attested to by two persons providing in effect that said moneys were being enclosed therein as a security deposit. General Obligations Law § 7-103 (2-a) requires, inter alia, in the case of six or more family dwelling units, the deposit of the security in an interest bearing account in a banking organization within the State. The court below properly determined that this section was inapplicable inasmuch as the property leased by plaintiffs contained fewer than six family dwelling units. Moreover, the placement of a security deposit in cash in a sealed envelope that remained in the private possession of the person receiving said funds, under the circumstances presented here constitutes sufficient compliance with the statutory mandate to hold a *222 tenant’s security “in trust” (cf, Ferguson v Vaughan Imported Cars, 9 Misc 2d 188). Accordingly, contrary to plaintiffs’ contention, defendants may apply the deposit toward the damages to the premises (see, Levy v Taninbaum, supra; Matter of Perfection Tech. Servs. Press, supra, at 356).
However, upon our review of the record, we find that the alleged damage to the wood floors appears to be the result of normal wear and tear, and defendants therefore are not entitled to recover damages as to this portion of their counterclaim. Moreover, while the defendants’ submission of two itemized estimates was sufficient proof of the reasonable cost of repairing the doors (see, UJCA 1804), the court below applied an erroneous measure of damages with regard to the antique chair and wicker couch by awarding defendants the full original purchase price of said items. The proper measure of damages is the actual value of the items, to be determined by taking into account, in addition to the original cost of the articles, other factors including the extent to which the items have deteriorated or depreciated through use and damage and evidence of present reasonable value (see generally, 36 NY Jur 2d, Damages, §§ 83, 84). It would thus appear that plaintiffs are entitled to recover a portion of their security deposit. The matter is accordingly remanded to the court below for a determination of defendants’ damages to be offset against the security.
DiPaola, P. J., Palella and Levitt, JJ., concur.