Lillian Pignatello, Respondent, 
against
Dutchess Knolls, Inc., Appellant.



Appeal from a judgment of the Justice Court of the Town of Fishkill, Dutchess County (Robert J. Rahemba, J.), entered June 27, 2014. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $1,260.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action against defendant, her former landlord, to recover the principal sum of $1,260, representing her security deposit. Defendant sought to withhold $649 of the deposit for repairs made after plaintiff's departure from the premises. Following a nonjury trial, the Justice Court awarded plaintiff judgment in the principal sum of $1,260.
In a small claims case, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). As a general rule, a tenant's security deposit remains the tenant's property (General Obligations Law § 7-103 [7]) and must be returned at the tenancy's conclusion absent proof that the tenant caused damage "beyond that attributable to ordinary wear and tear" (Ortiz v Pantaleone, 32 Misc 3d 141[A], 2011 NY Slip Op 51602[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; see generally Finnerty v Freeman, 176 Misc 2d 220, 222 [App Term, 2d Dept, 9th & 10th Jud Dists 1998]). Where the landlord establishes that the tenant caused such damage, it is landlord's further burden "to establish, as a setoff, the reasonable value . . . of any of the repairs allegedly made to the premises" (Mills v Lynch, 48 Misc 3d 131[A], 2015 NY Slip Op 51046[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). 
The Uniform Justice Court Act provides that "[a]n itemized bill or invoice, receipted or marked paid, or two itemized estimates for services or repairs, are admissible in evidence and are prima facie evidence of the reasonable value and necessity of such services and repairs" (UJCA 1804). While defendant's proof here was adequate to establish that plaintiff caused damage to the premises beyond that attributable to ordinary wear and tear, defendant failed to produce sufficient proof of the reasonable value of the cost of repairs in the form of paid receipts or two itemized estimates (see e.g. Strenio v Grunstein, 48 Misc 3d 131[A], 2015 NY Slip Op 51047[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; Vila v Brewer, 21 Misc 3d 140[A], 2008 NY Slip Op 52357[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]).
Accordingly, as the Justice Court's determination is supported by the record and provides the parties with substantial justice (see UJCA 1804, 1807), the judgment is affirmed.
Iannacci, J.P., Marano and Tolbert, JJ., concur.
Decision Date: May 05, 2016