Jaime Quijano, Respondent,
against
Mieczyslaw Rowinski, Appellant.




Mieczyslaw Rowinski, appellant pro se.
Jaime Quijano, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered April 27, 2017. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $1,737 and dismissed defendant's counterclaim.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover a $1,737 security deposit from defendant, his former landlord. Defendant counterclaimed to recover $5,000 for repairs he had allegedly made after plaintiff had vacated the premises. Following a nonjury trial, the Civil Court awarded plaintiff the principal sum of $1,737 and dismissed the counterclaim. 
Appellate review of a small claims judgment is limited to determining whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584, 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). The determination of a trial court as to issues of credibility is given substantial deference, as the trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564, 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference to a trial court's credibility determinations applies with even greater force to judgments rendered in the Small Claims Part of the court, given the limited standard of review (see CCA 1807; Williams v Roper, 269 AD2d at 126). 
A tenant's security deposit remains the property of the tenant (see General Obligations Law § 7-103 [1]) and must be returned at the conclusion of the tenancy, absent proof, for example, that the tenant caused damage beyond that attributable to ordinary wear and tear (see Wicklund v Mukhtyar, 55 Misc 3d 152[A], 2017 NY Slip Op 50789[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; Finnerty v Freeman, 176 Misc 2d 220, 222 [App Term, 2d Dept, 9th & 10th Jud Dists 1998]). "Where a landlord establishes that the tenant caused such damage, it is the landlord's further burden to establish the reasonable value of any of the repairs allegedly made to the premises" (Hermida v Blochwitz, 55 Misc 3d 149[A], 2017 NY Slip Op 50722[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017] [internal quotation marks, ellipses and citations omitted]). "An itemized bill or invoice, receipted or marked paid, or two itemized estimates for services or repairs, are admissible in evidence and are prima facie evidence of the reasonable value and necessity of such services and repairs" (CCA 1804). 
Upon a review of the record, we find no basis to disturb the Civil Court's determination. Having heard the parties' evidence regarding the condition of the premises after plaintiff's departure and especially defendant's proof of the nature of the repair work allegedly performed, the court could properly determine that the alleged damage constituted ordinary wear and tear incident to plaintiff's eight-year occupancy (see Wicklund v Mukhtyar, 55 Misc 3d 152[A], 2017 NY Slip Op 50789[U]; Strenio v Grunstein, 48 Misc 3d 131[A], 2015 NY Slip Op 51047[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; Ortiz v Pantaleone, 32 Misc 3d 141[A], 2011 NY Slip Op 51602[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; Srinivasan v Silvi, 19 Misc 3d 138[A], 2008 NY Slip Op 50871[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]). In any event, defendant failed to produce sufficient proof of the reasonable value of any alleged repairs, in the form of paid receipts or two itemized estimates (see Hermida v Blochwitz, 55 Misc 3d 149[A], 2017 NY Slip Op 50722[U]; Pignatello v Dutchess Knolls, Inc., 51 Misc 3d 145[A], 2016 NY Slip Op 50736[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; Castillo v Galvano, 48 Misc 3d 133[A], 2015 NY Slip Op 51073[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; Mazzarelli v Moniaci, 21 Misc 3d 129[A], 2008 NY Slip Op 51967[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). Furthermore, defendant failed to prove his claim that plaintiff had denied him reasonable access to the premises, as plaintiff testified—and the court found credible— that defendant had contacted plaintiff requesting access on only one occasion, when plaintiff happened to be in a hospital receiving medical treatment. Defendant also failed to substantiate his remaining claims of error. In view of the foregoing, we find that the judgment rendered substantial justice between the parties according to the rules and principles of substantive law (see CCA 1804, 1807).
Accordingly, the judgment is affirmed.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 14, 2019