Cuevas v Rowinski (2020 NY Slip Op 51522(U))

[*1]

Cuevas v Rowinski

2020 NY Slip Op 51522(U) [70 Misc 3d 130(A)]

Decided on December 18, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 18, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2019-1536 Q C

Daniel E. Cuevas, Respondent,
against
Mieczyslaw Rowinski, Appellant. 

Mieczyslaw Rowinski, appellant pro se.
Daniel E. Cuevas, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Phillip
Hom, J.), entered December 11, 2018. The judgment, upon a finding in favor of plaintiff in the
sum of $2,605 on his cause of action and a finding in favor of defendant in the sum of $500 on
his counterclaim, after a nonjury trial, awarded plaintiff the net principal sum of $2,105.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the
Civil Court for a new trial.
Plaintiff commenced this small claims action against defendant, his former landlord, to
recover his security deposit. Defendant counterclaimed to recover for property damage to the
apartment, loss of property and "additional expenses & lost profit." After a nonjury trial, the
Civil Court found in favor of plaintiff in the sum of $2,605, and in favor of defendant in the sum
of $500 on his counterclaim, and awarded a net judgment in plaintiff's favor in the principal sum
of $2,105. Defendant appeals.
Appellate review of a small claims judgment is limited to determining whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584, 584 [2000];
Williams v Roper, 269 AD2d 125, 126 [2000]).
A tenant's security deposit remains the property of the tenant (see General
Obligations Law § 7-103 [1]) and must be returned at the conclusion of the tenancy, absent
proof, for [*2]example, that the tenant caused damage beyond
that attributable to ordinary wear and tear (see Wicklund v Mukhtyar, 55 Misc 3d 152[A],
2017 NY Slip Op 50789[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; Finnerty v
Freeman, 176 Misc 2d 220, 222 [App Term, 2d Dept, 9th & 10th Jud Dists 1998]).
"Where a landlord establishes that the tenant caused such damage, it is the landlord's further
burden to establish the reasonable value of any of the repairs allegedly made to the premises" (Hermida v Blochwitz, 55 Misc 3d
149[A], 2017 NY Slip Op 50722[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists
2017] [internal quotation marks and ellipses omitted]).
Here, a review of the record indicates that substantial justice was not done between the
parties (see CCA 1804, 1807). The Civil Court did not permit defendant to present
certain photographs in support of his claim that plaintiff had caused damage beyond ordinary
wear and tear and, in effect, denied defendant an opportunity to call his witness—as were
his rights pursuant to substantive law (see Sakie v Amin, 46 Misc 3d 147[A], 2015 NY Slip Op 50230[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Diederich v Del Prior, 18 Misc 3d 132[A], 2008 NY Slip Op
50084[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]).
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new
trial.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 18, 2020