Yafei Li v Dao Ying Gao (2021 NY Slip Op 50478(U))

[*1]

Yafei Li v Dao Ying Gao

2021 NY Slip Op 50478(U) [71 Misc 3d 139(A)]

Decided on May 20, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 20, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, HELEN
VOUTSINAS, JJ

2019-1278 S C

Yafei Li, Respondent,
against
Dao Ying Gao, Appellant, Zi Jian Tang, Defendant.

Dao Ying Gao, appellant pro se.
Yafei Li, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Suffolk County, Fifth District (John P.
Schettino, J.), entered January 15, 2019. The judgment, insofar as appealed from, after a nonjury
trial, awarded plaintiff the principal sum of $2,400 as against defendant Dao Ying Gao.

ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.
Plaintiff commenced this small claims action against defendants, her former landlords, to
recover, among other things, her $2,400 security deposit. Following a nonjury trial, the District
Court awarded plaintiff judgment as against defendant Dao Ying Gao in the principal sum of
$2,400 and dismissed the action insofar as asserted against defendant Zi Jian Tang. Defendant
Dao Ying Gao appeals.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125, 126 [2000]). Furthermore, the determination of a trier
of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to
observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective
from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564
[1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with
greater force to judgments rendered in the Small Claims Part of the court (see Williams v
Roper, 269 AD2d at 126).
Generally, a security deposit remains the property of the tenant (see General
Obligations Law § 7-103 [1]) and must be returned at the conclusion of the tenancy (see Cruz v Diamond, 6 Misc 3d
134[A], 2005 NY Slip Op 50187[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2005])
absent proof, for example, that the tenant caused damage beyond that attributable to ordinary
wear and tear (see Wicklund v Mukhtyar, 55 Misc 3d 152[A], 2017 NY Slip Op
50789[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; Finnerty v Freeman,
176 Misc 2d 220, 222 [App [*2]Term, 2d Dept, 9th & 10th
Jud Dists 1998]). As the record failed to support defendant's claim that plaintiff caused damage
beyond normal wear and tear, we find that the court's determination awarding plaintiff the sum of
$2,400 as against defendant Dao Ying Gao provided the parties with substantial justice (see
UDCA 1804, 1807). 
Accordingly, the judgment, insofar as appealed from, is affirmed.
EMERSON, J.P., GARGUILO and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 20, 2021