Blansett v Zambrana (2022 NY Slip Op 50310(U))

[*1]

Blansett v Zambrana

2022 NY Slip Op 50310(U) [74 Misc 3d 138(A)]

Decided on April 8, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 8, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2020-311 Q C

Bonnie Blansett, Respondent,
against
Haydee Zambrana, Appellant. 

Haydee Zambrana, appellant pro se.
Bonnie Blansett, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Rachel
Freier, J.), entered October 28, 2019. The judgment, after a nonjury trial, awarded plaintiff the
principal sum of $2,738.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover from defendant, her former landlord,
a security deposit as well as damages for, essentially, a breach of the warranty of habitability. It is
undisputed that plaintiff had paid a security deposit and that she lived in the apartment for more
than 12 years. Following a nonjury trial, the Civil Court awarded plaintiff a judgment in the
principal sum of $2,738, which included the security deposit. Defendant appeals.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of
fact as to issues of credibility is given substantial deference, as a trial court's opportunity to
observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective
from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564
[1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with
greater force to judgments rendered in the [*2]Small Claims Part
of the court (see Williams v Roper, 269 AD2d at 126).
In general, a security deposit remains the property of the tenant (see General
Obligations Law § 7-103) and, upon the tenant vacating the premises, must be returned to
the tenant "absent proof, for example, that the tenant caused damage beyond that attributable to
ordinary wear and tear" (Quijano v Rowinski, 64 Misc 3d 128[A], 2019 NY Slip Op
50990[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; see Yafei Li v Dao Ying Gao, 71 Misc
3d 139[A], 2021 NY Slip Op 50478[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2021]). As defendant failed to demonstrate that any repairs she made were necessary to remedy
damage to the apartment that was beyond normal wear and tear, we find that the judgment
rendered substantial justice between the parties according to the rules and principles of
substantive law (see CCA 1804, 1807). We note that this court does not consider factual
assertions which are dehors the record (see Chimarios v Duhl, 152 AD2d 508
[1989]).
Accordingly, the judgment is affirmed.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 8, 2022