Gulliver-Niles v Rodrigues (2025 NY Slip Op 51829(U))

[*1]

Gulliver-Niles v Rodrigues

2025 NY Slip Op 51829(U)

Decided on November 7, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 7, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : LISA S. OTTLEY, J.P., WAVNY TOUSSAINT, MARINA CORA MUNDY, JJ

2024-804 K C

Adelia Gulliver-Niles, Appellant, 
against
Victor Rodrigues and Doslyn London-Rodrigues, Respondents. 

Adelia Gulliver-Niles, appellant pro se.
Victor Rodrigues and Doslyn London-Rodrigues, respondents pro se.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Delsia G. Marshall, J.), entered July 16, 2024. The judgment, after a nonjury trial, implicitly dismissed plaintiff's causes of action and awarded defendants the principal sum of $2,350 on their counterclaim.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for a new trial.
Plaintiff commenced this small claims action against defendants, her former tenants, to recover unpaid rent, property damage, and attorney's fees from a prior proceeding between the parties. Defendants counterclaimed to recover, among other things, their security deposit plus interest, and agent fees. After a nonjury trial, the Civil Court (Delsia G. Marshall, J.) entered a judgment on July 16, 2024 in favor of defendants on their counterclaim in the principal sum of $2,350 and implicitly dismissed plaintiff's causes of action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 [*2]AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
We find that substantial justice was not done between the parties (see CCA 1804, 1807), as the Civil Court cut off plaintiff's testimony before she was finished without reviewing documents that plaintiff testified she had in her possession at the trial (see Phillips v Waterman, 78 Misc 3d 134[A], 2023 NY Slip Op 50457[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023]; Cuevas v Rowinski, 70 Misc 3d 130[A], 2020 NY Slip Op 51522[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; Sakie v Amin, 46 Misc 3d 147[A], 2015 NY Slip Op 50230[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new trial.
OTTLEY, J.P. and MUNDY, J., concur.
TOUSSAINT, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 7, 2025