Boyar v Floors Decors & More, Inc.

2026 NY Slip Op 50715(U)

May 7, 2026

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Courts—Small Claims--Substantial Justice

Mindy Boyar, Respondent,

v

Floors Decors & More, Inc., Appellant.

Supreme Court, Appellate Term, Second Department, 9th And 10th Judicial Districts

Decided on May 7, 2026

2025-730 S C

Present: : Joseph R. Conway, J.P., Timothy S. Driscoll, Maureen T. Liccione, JJ

Floors Decors & More, Inc. Josephine Haramis, as President, appellant pro se.
Mindy Boyar, respondent pro se.

Appeal from a judgment of the District Court of Suffolk County, Second District (Kenneth J. Lauri, J.), entered April 2, 2025. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $5,000.

[*1]

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the District Court for a new trial.

In this small claims action, plaintiff sought to recover a $5,000 deposit she paid to defendant for a kitchen and bathroom remodel. At a nonjury trial, plaintiff testified that, in August 2024, she hired defendant as a general contractor to remodel her kitchen and bathroom, and that she gave defendant a $5,000 check as a deposit. Plaintiff alleged that, on September 17, 2024, before any work had been performed, plaintiff decided not to use defendant for her home remodel, and requested a refund of the deposit, but defendant refused. Defendant's representative testified that she performed design work in connection with the home remodel, and that she engaged a contractor to determine the full scope of the work so that they could provide plaintiff with an estimate. She claimed that plaintiff provided her with a $5,000 non-refundable "design deposit," and that she helped plaintiff select cabinets, prepared two drawings in connection with the remodel, and met and [*2]exchanged text messages with plaintiff. She stated that the value of her work exceeded $5,000. It was undisputed that the parties never executed a written contract. Defendant's representative offered to show the drawings to the District Court, but the District Court did not review the drawings. Following the trial, the District Court awarded plaintiff the principal sum of $5,000.

In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).

Upon a review of the record, we find that substantial justice was not rendered between the parties (see UDCA 1804, 1807). Although defendant's representative did not formally move to admit the drawings into evidence, she offered to show the drawings to the District Court. As a small claims court is not "bound by statutory provisions or rules of practice, procedure, pleading or evidence" (UDCA 1804), the District Court should have reviewed the drawings in defendant's representative's possession before weighing the parties' credibility (see Gulliver-Niles v Rodrigues,87 Misc 3d 132[A], 2025 NY Slip Op 51829[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2025]; Phillips v Waterman, 78 Misc 3d 134[A], 2023 NY Slip Op 50457[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023]; Cuevas v Rowinski, 70 Misc 3d 130[A], 2020 NY Slip Op 51522[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2020]).

Accordingly, the judgment is reversed and the matter is remitted to the District Court for a new trial.

CONWAY, J.P., DRISCOLL and LICCIONE, JJ., concur.

ENTER:

Jennifer Chan

Chief Clerk

Decision Date: May 7, 2026